### Smith *v.* The Sibley Manufacturing Company.

A servant injured by the negligence of a fellow-servant who had a "propensity to start machines after they were stopped," thereby nearly killing several of the servants on previous occasions, (which propensity and its results were known to the master and to the injured servant), is not entitled to recover damages of the master, although the negligent one was retained in employment after the injury complained of.

April 23, 1890.

Master and servant. Negligence. Torts. Ratification. Before Judge Roney. Richmond superior court. October term, 1889.

Smith brought his action alleging that the Sibley Manufacturing Company had damaged him $5,000, for that prior to January 26, 1886, he had been engaged in

running and operating a cotton picker or cleaner in the picker room of defendant, and was receiving therefor 90 cents per day. He had had considerable experience in running cotton pickers, and understood their working and operation. When he began working for defendant, he received, according to its usual custom, he presumes, instructions how to run and operate the pickers, and especially how to clean them when they became clogged. On January 26, 1886, while he was properly engaged in the performance of his duties in running the picker, the machine became clogged, and he saw that it was necessary to stop the machinery to clean the same, so as to have it continue to work in a proper manner. In pursuance of his instructions as well as duty, he turned the operating belt on to the loose pulley, thereby entirely stopping the machinery. He then lifted the cover, commonly called the "bonnet," covering the upper beater portion of the machine, and removed therefrom the foreign substances and refuse which had collected. The bonnet was then replaced in position, and he went to the front part of the picker to clean the under-rollers or feed-beaters, as he had been shown and instructed how to do when he first began work with defendant. He had almost finished cleaning the lower part of said machinery, and had been engaged thereat from three to six minutes when, without any warning to him or notice of any kind or any sign or signal of any character, the picker was started in motion by Robert Benson, another employee of defendant, and the first notice petitioner had that the machinery was in operation was the loss of three fingers on his left hand. The declaration then details the nature and extent of the injury. After stopping the picker and before commencing to clean it, petitioner said to Benson, who was engaged in removing the cotton from the front part of the picker as it came through, not to start the

machine until petitioner had finished cleaning it, and that he would start the machine himself. He gave this caution because he had learned that Benson, on three previous occasions, had started the machinery in motion after it had been stopped, and had come near killing several of the employees, and he was therefore extra cautious. The propensity of Benson to start machines after they had been stopped was known to the proper authorities of defendant, and notwithstanding this knowledge and that they had been told that Benson would some time kill some one by starting the machinery improperly upon the employees, the company retained him in its employ, thereby adopting and sanctioning his improper conduct. After petitioner was injured with the knowledge upon the part of defendant that Benson's improper conduct had caused the same, he was not discharged, but kept in the employ of the company, the defendant thus continuing to sanction his wrongful acts. When petitioner was hurt he was in the due performance of his duties, and it was without fault or negligence of any kind on his part.

The defendant demurred on the grounds that the declaration sets forth no cause of action, but admits plaintiff's knowledge of the negligence or unfitness of the co-employee from whose alleged negligence or unfitness the injury sued for occurred, and shows that plaintiff was guilty of contributory negligence; and that if he was injured by the negligence of any one in defendant's service, it was the negligence of a fellow servant. The demurrer was sustained, and exceptions were taken.

Boykin Wright and J. S. & W. T. Davidson, for plaintiff.

Foster & Lamar, for defendant.

Simmons, Justice.

Under the facts alleged in this declaration, there was

no error in sustaining the demurrer thereto and dismissing the same. The plaintiff was injured by the negligence of a co-employee, and was therefore not entitled to recover. Nor would the allegation in the declaration that Benson, the co-employee, had a "propensity to start machines after they had been stopped, and this was known to the officers of the defendant, and they retained him in its employ," authorize him to recover; because the plaintiff alleges that he had a knowlege of this propensity on the part of Benson before he was injured, and that Benson on three previous occasions had started the machinery in motion after it had been stopped, and had thereby come near killing several of the employees. If the plaintiff knew that Benson was an inefficient and negligent servant, he should not have engaged in the same service with him, any more than he should work with a defective tool given him by his employer. The fact that the defendant retained Benson after the injury was not a ratification. If ratification applies at all, it is only when a wilful injury was inflicted by the servant.    *Judgment affirmed.*