17125. MESSENGER PUBLISHING COMPANY *v.* OVERSTREET.

STEPHENS, J. 1. The overruling of a claimant's motion to dismiss a levy does not affect the verdict, and therefore can not be excepted to in a motion for a new trial.

2. Where one purchases mortgaged property with actual notice of the mortgage, the description of the property in the mortgage need not be of a definiteness sufficient to constitute constructive notice, by a record thereof, to a purchaser of the property, but need only be sufficiently definite to constitute a good description as between the parties to the mortgage. Where the property is described in the mortgage as the mortgagor's "one-third interest in the outfit, stock, bills receivable, etc., of the Laurens Stamp and Printing Company," the description is sufficiently definite as between the parties to the mortgage.

3. Where a lienholder creditor has agreed to accept from the debtor certain property in full satisfaction and payment of the indebtedness, and where, after a tender and delivery of the property to the creditor by the debtor, the creditor refuses to accept the property and returns it to the debtor, who retains it without making a further and continuous

---

Accord and Satisfaction, 1 C. J. p. 582, n. 33.

Chattel Mortgages, 11 C. J. p. 463, n. 70, 72; p. 541, n. 52; p. 682, n. 64.

New Trial, 29 Cyc. p. 760, n. 89.

tender of the property to the creditor, there has been no satisfaction of the debt, and therefore no discharge of the lien. *Ragan* v. *Newton,* 27 *Ga. App.* 534 (109 S. E. 412).

4. Where property is levied on under a mortgage foreclosure, and a purchaser of the property from the mortgagor files a claim of title thereto, and in support of the claim evidence is adduced in behalf of the claimant, a corporation, to the effect that when the claimant purchased the property from the mortgagor it was agreed between the mortgage creditor, who was the plaintiff in fi. fa., and the claimant that the mortgage creditor would accept in full payment of the indebtedness secured by the mortgage certain corporate stock in the claimant corporation, but where it does not appear from the evidence that the mortgage creditor agreed to accept, in satisfaction of the indebtedness, the claimant's promise and obligation to pay and deliver the stock to the mortgage creditor, and where it does not appear that the mortgage creditor agreed to accept, in satisfaction of the indebtedness anything less than an actual performance of the claimant's obligation by an actual delivery to the mortgage creditor of the stock agreed upon, no executory agreement in accord and satisfaction is established, but at best there is established only an agreement by which the indebtedness will be satisfied only upon a delivery to the mortgage creditor of the stock agreed upon. Civil Code (1910), § 4326.

5. The evidence authorized a verdict finding the property subject, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided February 24, 1927.

Levy and claim; from city court of Dublin—Judge Bidgood. December 15, 1925.

Application for certiorari was made to the Supreme Court.

*S. W. Sturgis,* for plaintiff in error.

*Hightower & New, Hardwick & Adams,* contra.