22872. COHUTTA TALC COMPANY *v.* GULF REFINING COMPANY.

STEPHENS, J. 1. One who is employed by another as an independent contractor, and not as an agent or servant of the employer, is not necessarily the agent of the employer in buying material to be used in the performance of the contract, although under the contract the employer

is to pay for the material and deduct it from the amount owing the contractor on the contract price.

2. In a suit by the Gulf Refining Company against the Cohutta Talc Company, to recover an amount alleged to be due by the defendant for gasoline and oil alleged to have been furnished by the plaintiff to the defendant, where the plaintiff must recover on the theory that the material was purchased for and in behalf of the defendant by its authorized agent, or that the defendant, by consuming the material after having come in possession thereof, ratified the act of the alleged agent, evidence that the person to whom the gasoline and oil were delivered by the plaintiff was in the employ of the Cohutta Talc Company "in the way of contract," that he "had a contract to ship some talc," that he "was to get out certain talc on a certain basis, at so much a ton," and that the defendant was "to furnish the machinery and build a road into the plant, [and] anything that had to come from the market they were to pay for it but deduct it, they had to settle with the other fellow, and me [i. e. the person to whom the plaintiff delivered the gasoline and oil] with them, they were to settle with the Gulf Refining Company," and that the gasoline and oil were received by him "for the Cohutta Talc Company [and] . . used at their plant," does not demand the inference that the person to whom the gasoline and oil were furnished was the authorized agent of the defendant to purchase gasoline and oil and bind the defendant therefor, but authorizes the inference that he was an independent contractor, that he bought the gasoline and oil for himself, and that the defendant was under a contract with him to pay his debt therefor and deduct from the contract price the amount paid.

3. "A mere executory agreement to rescind, where nothing is executed, is not, in the absence of an express agreement to that effect, an accord and satisfaction." *Redman* v. *Woods*, 42 *Ga. App.* 713, 717 (157 S. E. 252) ; Civil Code (1910), §§ 4304, 4305. Evidence that the plaintiff had agreed to take back some of the gasoline and oil which had been delivered by the plaintiff and was at the defendant's plant does not, in the absence of an express agreement to that effect, constitute an accord and satisfaction of a portion of the debt, or vest title in the plaintiff to the portion of the gasoline and oil referred to. The court did not err in excluding this evidence.

4. It was error to direct a verdict for the plaintiff.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 7, 1933.

*Mitchell & Mitchell,* for plaintiff in error.
*Oliver R. Hardin,* contra.