## 23673. ELECTRIC PAINT AND VARNISH COMPANY v. LUNSFORD.

DECIDED SEPTEMBER 27, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Joseph B. McGinty,* for plaintiff.

*Z. B. Rogers, Clark Edwards Jr.,* for defendant.

STEPHENS, J. The Electric Paint & Varnish Company brought suit against J. S. Lunsford, for the recovery of the contract price

of two barrels of paint which it was alleged the plaintiff had shipped to the defendant, under a contract of sale. It was alleged that after the defendant had accepted the goods he returned them to the plaintiff, who received them and retained them for the defendant. The defendant, in his plea as amended, without denying that the written order constituted a contract of sale, but denominating it as a "contract," alleged that before the plaintiff shipped the goods he had notified the plaintiff not to ship them, but that the plaintiff shipped them and that the defendant returned them to the plaintiff, and that therefore the defendant was not liable. It was under the issues thus presented that this case was tried on the former trial. On review of the verdict and judgment for the defendant this court, upon the assumption that there was a valid subsisting contract between the parties for the sale of the paint before the plaintiff shipped it, held that, under the undisputed evidence, notwithstanding the defendant may have notified the plaintiff not to ship the goods before the plaintiff had shipped them and may have sent them back to the plaintiff, where the plaintiff held them for the defendant, the defendant was liable for the contract price. The verdict for the defendant was set aside and a new trial granted. *Electric Paint & Varnish Co.* v. *Lunsford,* 46 *Ga. App.* 536 (168 S. E. 90). Upon the second trial the defendant filed an amendment to the plea. In the amendment it was alleged that the "contract," which was attached to the petition, was "an executory contract or order," that it was "cancelled by the defendant before its acceptance," and that the defendant is "not liable to the plaintiff in the manner and form alleged in the petition." The manner and form alleged in the petition is an alleged indebtedness to pay for the goods at the contract price. In this amendment it is further alleged that "there was never any delivery of the paint described in the alleged contract," and the plaintiff had "failed to comply with the terms of the contract in that the goods described were not shipped at once as the contract called for." In this plea the instrument sued on is denominated a "contract."

The defendant's counsel in his brief filed in this court says: "The defendant does not claim rescission. He contends that until the executory contract had been accepted in one of the ways known to the law, he had a right to breach or cancel the contract." He here cites authorities, and continues: "It follows from the facts

and these authorities that the plaintiff could not recover in its suit as laid, and that its remedy, if any it had, was suit for damages because of breach of contract," and that "a suit for breach instead of for the purchase-price would be the only fair thing for plaintiff to do."

Upon the second trial, which is the one now under review, the judge in his charge referred to the instrument as a "contract," and submitted to the jury the issues only as to whether there had been a breach of the contract.

Even if the defendant's plea should be construed as setting out the defense that no contract existed, but that the order which the defendant signed and transmitted to the plaintiff constituted only an offer to buy the goods, and which could not become a contract until accepted by the plaintiff, and that the defendant had withdrawn the offer before acceptance, the defendant's plea contained two defenses,—one based upon the theory that there was a contract, and the other upon the theory that there was not a contract. Where the court in the charge restricted the jury to a consideration of the defense which is based upon the theory that there was a contract, the situation is as if the court had stricken the defendant's plea setting up the defense that there was no contract, and had allowed the case to proceed to trial upon the issue made under the plea based upon the theory that there was a contract. Thus the case as presented by the record is one in which the sole defense was based upon the theory that a contract existed. The defendant therefore can not, in this court, under the record as it now exists, insist upon an affirmance of the judgment upon the theory that the evidence was sufficient to authorize the jury to find that no contract existed between the parties because the defendant had withdrawn the offer before the plaintiff had accepted it.

The evidence is undisputed that after the order for the paint, which was dated June 20, 1929, had been signed by the defendant and transmitted to the plaintiff, with a provision therein that it was not subject to cancellation, the defendant, on July 10, mailed a letter to the plaintiff which reads as follows: "Several days ago I gave you an order for two bbls. black spreddon. I have now found that I will be glad to be relieved from having the shipment made. I trust that you will cancel the order at least for the time being, until further notice." There is evidence that the goods were

shipped by the plaintiff in Cleveland, Ohio, on July 12, before the receipt by the plaintiff of the defendant's letter, on July 13. The case seems to have been tried on the issue as to whether the plaintiff had received notification from the defendant not to ship the goods before the plaintiff shipped them. If the alleged contract was a mere offer from the defendant to the plaintiff, of course, no contract arose until it was accepted; and if the defendant had withdrawn the offer by notifying the plaintiff not to ship the goods before the plaintiff had shipped the goods, no contract for the sale of the goods arose, and the defendant was justified in returning the goods, and was not liable therefor. If, however, the order, or the alleged "contract," was a subsisting contract of sale under which the plaintiff as seller was bound to deliver, notice from the defendant to the plaintiff not to ship the goods, although the notice may have been received by the plaintiff prior to the shipment, was a refusal to abide by the terms of the contract. If the notice was received by the plaintiff after it had shipped the goods and the defendant refused to accept the goods and returned them to the plaintiff, who accepted them, whether for the defendant's benefit or not, this also was a refusal of the defendant to abide by the terms of the contract. If the plaintiff received the goods from the defendant and retained them for the defendant, the situation is the same as if the plaintiff in the first instance, upon receipt of the defendant's notice not to ship the goods, had failed to ship them and retained them for the defendant. If there was a subsisting contract between the parties, it is immaterial whether the notice of the defendant to the plaintiff not to ship the goods was received before or after the goods were actually shipped. If the plaintiff retained the goods for the defendant's benefit, the defendant is liable for the contract price. If the plaintiff retained the goods for its own benefit, the defendant is liable for a breach of the contract in failing to accept delivery, in an amount representing the difference between the contract price and the market value at the time and place of delivery. Civil Code (1910), § 4131. See *Rowland Co.* v. *Kell Co.*, 27 *Ga. App.* 107 (107 S. E. 602).

It appears from undisputed evidence that the defendant, after having received the goods after his notification to the plaintiff not to ship them, shipped them back to the plaintiff, and that the plaintiff received them and notified the defendant that it was accepting

the goods but was holding them for the defendant's benefit, and not for credit to the defendant. The contract provided for shipment of the goods "as soon as possible." Since the defendant, in notifying the plaintiff not to ship the goods, did not do so upon the ground that the plaintiff had breached the contract by a delay in the shipment of the goods, and the return of the goods was not upon this ground, there is no merit in the contention that the plaintiff breached the contract by delay in shipping the goods ordered. The defendant notified the plaintiff that the defendant would "be glad to be relieved of having the shipment made," and requested that the plaintiff "cancel the order, at least for the time being, until further notice."

Since it is conceded in the defendant's plea, and since the judge submitted the case to the jury upon the assumption that there was a contract between the parties before the goods were actually shipped, the defendant, in refusing to accept the shipment, is liable to the plaintiff either for the contract price or for the difference between the contract price and the market value of the property at the time and place for delivery, according to whether the goods were retained by the plaintiff for the defendant, or appropriated by the plaintiff to its own use. The evidence is undisputed that the plaintiff retained the goods for the benefit of the defendant, after notifying the defendant of this fact.

The plaintiff's right to recover at the contract price, on retaining or storing the goods for the defendant's benefit, after the defendant had rejected them, arose when the defendant rejected the goods and the plaintiff notified him that they were held for his benefit. Any subsequent destruction of the property by the defendant's tortious act would not have the effect of altering the nature of the plaintiff's remedy to recover damages measured by the contract price. Whatever right for damages the defendant may have against the plaintiff, arising out of the destruction or deterioration of the property, if it could be asserted by the defendant in defense to a suit by the plaintiff on the contract, would have to be pleaded by way of set-off, recoupment, or counterclaim, as the case may be. The plaintiff after storing the property for the defendant's benefit is no more than a bailee, and is not an insurer of the property. He is only required to exercise the diligence required of a bailee to preserve the property. *Mendel* v. *Miller,* 126 *Ga.* 834 (56 S. E. 88, 7 L. R.

A. (N. S.) 1184). He might be entitled, in some jurisdictions, to compensation for storage of the property. The evidence adduced, as appears in the record, that the plaintiff stated that the goods had been sold for storage, or that the property had depreciated and dried up, due to the lapse of time, is insufficient to show that the goods had been destroyed or had become depreciated by any negligent or unlawful act of the plaintiff. There is no evidence as to the amount of damage from this loss or destruction after the plaintiff had taken them back.

The letter written by the plaintiff to the defendant more than a year after the plaintiff had notified the defendant that the plaintiff was retaining the property for the defendant's benefit, in which letter the plaintiff stated that no authority was given to the defendant to return the property, and that the plaintiff had stated that it would not accept the property for credit on the defendant's account, but was holding the property in storage, subject to the defendant's order, was properly excluded as being irrelevant and as a self-serving declaration.

Since it appears from uncontradicted evidence that the defendant had entered into a contract to purchase the property, and that upon his refusal to accept delivery the plaintiff had stored it for the defendant's benefit, and had notified him to that effect, and the plaintiff, as a matter of law, was entitled to recover the unpaid purchase price, it was error for the court to submit to the jury the issue whether the defendant was liable under the contract, and whether the plaintiff had stored the property for the defendant.

This being the case, a verdict for the plaintiff in the amount of the contract price was as a matter of law demanded.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., dissents.*

JENKINS, P. J., dissenting. In my opinion the judgment of the court below should be affirmed. When the case was previously dealt with by this court, it seems to have been merely assumed that the instrument sued on was a contract, and not simply an offer of purchase made to a traveling salesman. The former decision in 46 *Ga. App.* 536, while assuming that there was a contract, did not undertake to construe the instrument as such. On the second trial it was specifically set forth by the amended plea that the offer signed by the defendant was not a binding contract of purchase and

sale, but was an instrument containing merely an offer of purchase. This I think is the proper construction. The functions of a traveling salesman are ordinarily to obtain offers of purchase from their employer's customers, and not to enter into binding agreements of purchase and sale. *Cohen* v. *Saffer*, 43 *Ga. App.* 746 (160 S. E. 130); *Dannenberg Co.* v. *Hughes*, 30 *Ga. App.* 83, 85 (116 S. E. 892). The evidence fully warranted a finding that the plaintiff, prior to the time of the shipment, was notified not to ship the goods.

Moreover, even if there had been a binding contract of purchase and sale, rather than a mere offer to purchase which was to become effective when assented to by the seller either in writing or by the execution of the offer through a shipment of the goods, I think that the course pursued by the seller in this case would be nevertheless erroneous, under the rule stated in *Rounsaville* v. *Leonard Mfg. Co.*, 127 *Ga.* 735 (4) (56 S. E. 1030), that "when a contract for the sale of goods is still executory on both sides, notice by the purchaser to the seller that he will not accept and pay for the goods amounts to a breach of the contract," and that "thereafter the seller can not deliver the goods to a common carrier, consigned to the buyer, and, having done so, treat the contract as executed on his part, by suing the buyer for the purchase price of goods sold and delivered." If there had been a binding contract of purchase and sale, upon being notified by the purchaser that he had breached the contract, the seller might have pursued any one of the three remedies prescribed by section 4131 of the Civil Code (1910); but if the seller had elected to store the goods for the benefit of the defendant, it would have been under the rights and powers granted by that provision of the Code, which is altogether a different thing from thereafter shipping the goods, as the seller did, in the effort to treat the contract as having been fully executed on its part.