23882.  COHUTTA TALC COMPANY *v.* GULF REFINING COMPANY.

STEPHENS, J.  1. Where one is employed as an independent contractor to mine talc for an employer and furnish all the labor and material necessary therefor at an agreed price of so much per ton, and it is agreed between them that the employer, as an accommodation to the contractor, is to pay for the supplies necessary in the mining operations and deduct the amount paid therefor from the money due the contractor, the contractor does not thereby become the agent of the employer to buy from a third person gasoline and oil necessary in the mining operations. *United Painting & Decorating Co.* v. *Dunn,* 137 *Ga.* 307 (73 S. E. 492).

2. Upon the trial of a suit by the seller against the employer of the contractor, to recover the purchase-price of gasoline and oil furnished by the plaintiff to the contractor, where the undisputed evidence was as above indicated, and where it also appeared, without dispute from the positive testimony, that the contractor was not the agent of the defendant to purchase gasoline and oil and had no authority to make such purchase, notwithstanding it may have appeared from the evidence that prior to entering into the contract the same contractor had authority to purchase as agent to the same employer from another and different seller, the verdict found for the plaintiff was without evidence to support it, and a verdict for the defendant was as a matter of law demanded.

3. Where it appeared, without dispute, from the evidence as above indicated, that the contractor was an independent contractor and was not an agent of the employer to purchase supplies to be used in the mining operations, a statement from the employer to the contractor, after gasoline and oil had been furnished to the contractor, that the gasoline was still on hand and the employer would like to know if the seller had sent it over without any order, and that it would be advisable for the seller to "pick up the gasoline we have on hand," as the employer did not know "when we would be able to use it," is not, when taken in connection with the other undisputed testimony, sufficient to authorize an inference that the contractor was an agent of the employer to buy the gasoline and oil.

4. Where the evidence was not sufficient to authorize the inference that the contractor was an agent of the employer to purchase gasoline and oil, the delivery sheets of the seller, signed by the contractor, showing delivery of gas and oil to the employer through the contractor as the employer's agent, was irrelevant and insufficient as tending to show delivery to the employer through its agent. The court erred in admitting the delivery sheets in evidence.

5. The court erred in overruling the defendant's motion for a new trial.

6. See *Cohutta Talc Co.* v. *Gulf Refining Co.,* 47 *Ga. App.* 439 (170 S. E. 545). *Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 9, 1935.

*Mitchell & Mitchell,* for plaintiff in error. *O. R. Hardin,* contra.