25783. LUNSFORD *v.* ELECTRIC PAINT & VARNISH CO.

DECIDED NOVEMBER 14, 1936.
ADHERED TO ON REHEARING DECEMBER 18, 1936.

Z. B. Rogers, Clark Edwards Jr., for plaintiff in error.
Joseph B. McGinty, contra.

STEPHENS, J. The Electric Paint and Varnish Company brought suit against J. S. Lunsford, to recover the contract price of two barrels of paint which it was alleged the plaintiff had

shipped to the defendant, pursuant to a contract of sale. It was alleged that after the defendant had accepted the goods he returned them to the plaintiff, which received them and retained them for the defendant's benefit. The defendant, in his original plea as amended, denied liability; he admitted that he had contracted with the plaintiff to buy the paint, but alleged that before the goods were shipped he notified the plaintiff not to ship them, but that the plaintiff, notwithstanding the defendant's notice, shipped the goods, and that the defendant refused to accept them and returned them to the plaintiff, which accepted and retained them. The defendant denied liability for the contract price, but alleged that if he was liable to the plaintiff his liability was for a breach of contract in failing to accept the goods, and that the plaintiff's damage was represented, not by the contract price, but by the difference between the contract price and the market value at the time and place for delivery. Under this state of the pleadings two trials of this case were had, with the result that verdicts were rendered for the defendant. The verdict and judgment in each case was reversed by the Court of Appeals, on the ground that under the law and the uncontradicted evidence a verdict for the plaintiff was demanded. See *Electric Paint & Varnish Co.* v. *Lunsford,* 46 *Ga. App.* 536 (168 S. E. 90), 49 *Ga. App.* 840 (176 S. E. 816). The decision in each of these cases was predicated on the proposition that it appeared from the uncontradicted evidence that there was a subsisting contract which had been breached by the defendant by notice from him to the plaintiff not to ship the goods, and by the defendant's refusal to accept the goods and returning them to the plaintiff; and that the plaintiff, after storing the goods for the defendant's benefit after notice to the defendant, was entitled to recover of the defendant at the contract price. On the third trial, which is the one now under review, the defendant, by amendment to his plea, struck all admissions and allegations to the effect that there was a subsisting contract, and alleged that there was no contract between the parties but that there was only an offer to contract made by the defendant to the plaintiff, and that this offer had been revoked by the defendant's notice to the plaintiff not to ship the goods, which notice the plaintiff received before the defendant's offer was accepted. Counsel for the plaintiff then, for some reason, admitted and conceded

that there had been no subsisting contract, but that the instrument which the plaintiff had theretofore insisted upon as being a contract was but an offer made by the defendant, which offer, it was insisted, was accepted by the plaintiff and became a binding contract upon the plaintiff's shipping the goods before the receipt by the plaintiff of the defendant's notice not to ship the goods. After the introduction of evidence, the court directed a verdict for the plaintiff in the amount of the contract price sued for. The defendant, by exception pendente lite, assigned error on the direction of the verdict, and by motion for new trial excepted to the verdict as without evidence to support it and as contrary to law.

The case as now presented is entirely different from that presented on either of the former appearances in this court. The question now for determination is whether the evidence adduced demanded a finding, as a matter of law, that the defendant's offer to purchase the paint was accepted by the plaintiff before receipt of the defendant's notice of withdrawal or countermand of the offer. Whether or not, on the former trials of this case, the uncontradicted evidence demanded a finding that the goods were delivered by the plaintiff to the carrier for shipment to the defendant, in compliance with the terms of the contract, before the plaintiff had received the defendant's notice not to ship the goods, there was evidence on the trial now under review, which had not been adduced on either of the former trials, that the plaintiff, on July 12, 1929, received the defendant's notice not to ship the goods. This is contained in the deposition of A. C. Fisher, the directing manager of the plaintiff corporation, in the following language: "Examining the order and the stamp dated July 12, 1929, this letter from Mr. Lunsford [that is the defendant] dated July 10, 1929, canceling the order, was received by us July 12, 1929." The evidence is conclusive that the goods were delivered by the plaintiff to the carrier for shipment to the defendant on this same date, July 12, 1929. It nowhere appears from the testimony whether the goods, which it appears were shipped by the plaintiff by delivery to the carrier on July 12, the same date as the receipt of the defendant's notice not to ship, were delivered to the carrier for shipment before the receipt by the plaintiff of the defendant's notice not to ship. No contract arose until the plain-

tiff had accepted the defendant's offer, and there was no acceptance of the defendant's offer otherwise than by delivery of the goods to the carrier for shipment to the defendant. The burden of proof is on the plaintiff to establish the existence of the contract sued on, by showing an acceptance by the plaintiff of the defendant's offer before the countermand of the offer or withdrawal by the defendant. The evidence being silent as to whether the plaintiff accepted the defendant's offer before the defendant's countermand of the offer, it is insufficient to authorize a finding by the jury that there arose a contract between the parties. The court therefore erred in directing the verdict for the plaintiff, and in overruling the motion for new trial, which was based on the general grounds. The act of the plaintiff in preparing the goods for shipment several days before its receipt of the countermand of the offer from the defendant does not amount to any acceptance of the defendant's offer. No notice of the acceptance of the defendant's offer was given to him. The only act of the plaintiff which could amount to an acceptance of the defendant's offer was the delivery of the goods to the carrier for shipment to the defendant on July 12, 1929.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

ON REHEARING.

STEPHENS, J. The plaintiff has moved for a rehearing on the ground that this court overlooked certain evidence, as appears from the record, which, the plaintiff insists, demands as a matter of law the verdict which was directed for the plaintiff. The evidence is a statement contained in the deposition of A. W. Knight, the credit manager of the plaintiff corporation. This testimony is as follows: "We received no communication from the defendant prior to shipment of merchandise." There might be some merit in the plaintiff's contention if this statement stood alone and unaffected by other portion of the testimony and inferences deducible therefrom. This statement in Mr. Knight's testimony must be considered in connection with the context. Mr. Knight was credit manager of the plaintiff corporation. He testified as follows: "On morning of July 13, 1929, plaintiff received a letter from defendant dated July 10, 1929, canceling his order. We did not cancel the order. We received no further communications from him prior to maturity of the order, though

we wrote him three times. The merchandise called for in the order was shipped to the defendant on the 12th day of July, 1929, via the Big Four and Southern Railroad, freight prepaid. We received no communication from the defendant prior to shipment of merchandise." Just before the witness made the statement which is relied on by the plaintiff in its motion for rehearing, that the plaintiff "received no communication from the defendant prior to shipment of merchandise," the witness had testified that the communication from the defendant, which is relied on as a cancellation or a countermand of his order, was received by the plaintiff on the morning of July 13, and that the shipment had been made and the goods gone forward on July 12, which necessarily was the day before the receipt of the cancellation. The statement by the witness in his testimony that the plaintiff had received no communication from the defendant prior to the shipment of the merchandise, seems to be an inference of the witness drawn from the statement of facts made by him that the communication from the defendant was on July 13, and the shipment had been made on July 12, the day before. The testimony of the witness that the communication from the defendant was received on July 13, 1929, is in conflict with a statement contained in the deposition of another witness for the plaintiff, Mr. A. C. Fisher, the directing manager of the plaintiff corporation, which has already been referred to in the opinion of this court. This witness stated: "Examining the order and the stamp dated July 12, 1929, this letter from Mr. Lunsford [that is, the defendant] dated July 10, 1929, canceling the order was received by us July 12, 1929." There was thus presented an issue of fact as to whether the cancellation contained in the defendant's communication to the plaintiff was received by the plaintiff on July 13, as testified by Mr. Knight, or on July 12, as testified by Mr. Fisher. A jury could have adopted Mr. Fisher's testimony that the communication canceling the order was received by the plaintiff on July 12. Since it appears elsewhere from the testimony that the plaintiff shipped the goods on July 12, the jury could have concluded from the evidence that the cancellation of the order from the defendant, and the shipment of the goods by the plaintiff, were on the same day, and therefore that the testimony of Mr. Knight, relied on by the plaintiff in the motion for rehearing, that the plaintiff received no com-

munication from the defendant prior to the shipment of the merchandise, was not correct. Since the jury could have inferred from the evidence that the cancellation of the order and the shipment of the goods both occurred upon the same day, and it does not appear affirmatively that the goods were shipped by the plaintiff before the receipt by the plaintiff of the order of withdrawal from the defendant, the plaintiff failed to carry the burden resting upon it to show that the defendant's offer had been accepted by the plaintiff by the shipment of the goods before the receipt by the plaintiff of the defendant's communication withdrawing the offer. We are still of the opinion that the evidence did not demand a verdict for the plaintiff, and that the court erred in directing the verdict for the plantiff, and in afterwards overruling the motion for a new trial.

*Judgment adhered to on rehearing. Jenkins, P. J., and Sutton, J., concur.*