26781. ELECTRIC PAINT & VARNISH CO. *v.* LUNSFORD.

272

DECIDED MAY 20, 1938.   REHEARING DENIED JUNE 21, 1938.

*Joseph B. McGinty,* for plaintiff.
*Clark Edwards Jr., Z. B. Rogers,* for defendant.

MacINTYRE, J. This is the fourth appearance of this case in this court. On the first trial there was a verdict for the defendant, and the judgment refusing a new trial was reversed by this court *(Electric Paint & Varnish Co.* v. *Lunsford,* 46 *Ga. App.* 536, 168 S. E. 90), on the idea that the instrument sued on was a subsisting contract, and that it was not simply an offer to purchase made to a traveling salesman, which contract had been breached by the defendant by notice by him to the plaintiff not to ship the goods. On the second trial there was likewise a verdict for the defendant. This was appealed, and was set aside on the same idea that there was a contract between the parties before the goods were actually shipped *(Electric Paint & Varnish Co.* v. *Lunsford,* 49 *Ga. App.* 840, 176 S. E. 816), and that a verdict for the plaintiff was demanded under the pleadings and the evidence as they stood at that second trial. At the third trial the defendant amended his pleading, setting up that the plaintiff was a foreign corporation doing business in Georgia without having registered with the Corporation Commission, and therefore could not sue in Georgia courts on the alleged transaction. To meet this, the plaintiff's counsel stated in open court that the paper sued on was not a contract, but a mere offer to buy, which was not binding until ac-

cepted at the home office, and, by a third set of depositions, introduced evidence to the effect that the paper was only an offer, and that the salesman had no authority to make a binding contract. At this trial the judge directed a verdict for the plaintiff. The defendant appealed, and this court, on the third appearance of the case *(Lunsford* v. *Electric Paint & Varnish Co.,* 55 *Ga. App.* 96, supra), reversed the judgment of the trial court, and held, that, under the pleadings and the record as it then existed, the burden was on the plaintiff to show that it delivered the paint to the common carrier before it received a cancellation of the offer to contract, or withdrawal of the offer, and where the evidence on this question was that notice of the cancellation or withdrawal was received on July 12, 1929, and that delivery to the common carrier was on July 12, and it not appearing which occurred first, the plaintiff had failed to carry the burden, and it was error to direct the verdict for the plaintiff. A fourth trial in the lower court resulted in a verdict for the defendant. Exceptions to the refusal to grant a new trial are now before this court.

■ The rulings announced in headnotes 1-4 do not require elaboration.

■■ The evidence is in effect the same as it was in the next preceding trial. There is nothing in the evidence to change the case as it stood before this court at its last appearance (55 *Ga. App.* 96, supra). The decision then rendered covered every point now made, except those made in the amendment to the motion for new trial, all being with reference to the admission or exclusion of certain evidence hereinbefore discussed and decided in the headnotes. All of the issues raised in the general grounds of the motion for new trial are settled by the last ruling of this court. The issue then, as now, was whether or not the plaintiff had carried the burden of showing that it had made delivery of the paint to the common carrier before receipt of cancellation or withdrawal of the offer to buy, the case being submitted on the admission and proof that there was no contract but only an offer to buy, which could not become a contract until accepted. As there had been no written acceptance or notice of acceptance, it could be shown only by delivery to the carrier. The evidence as to this was that the cancellation or withdrawal was received on July 12, 1929, and that delivery to the carrier was on July 12, 1929, but it was not shown

which occurred first on that date, and the plaintiff did not carry the burden which the law imposed upon it. 55 *Ga. App.* 96, supra. The verdict was authorized by the evidence.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*