30009.   RURAL ELECTRIC APPLIANCE CO. *v.* JOINER.

DECIDED APRIL 21, 1943.

*Jesse J. Gainey,* for plaintiff.

*Steve M. Watkins, C. E. Hay,* for defendant.

GARDNER, J.  The issue to be decided is involved on the pleadings; that is to say whether the court erred in overruling the motion to strike the answer on the ground that it was insufficient in law as a valid defense to the petition.  In this we think the court erred.  "A rescission of the contract by consent, or a release by the other contracting party, is a complete defense."  Code, § 20-905. "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement. has been executed.  The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract."  § 20-1201.  "The accord and satisfaction must be of some advantage, legal or equitable, to the creditor, or it will not have the effect of barring him from his legal rights.  The acknowledgment of a disputed title, or the securing of a doubtful claim, would be such an advantage."  § 20-1203.

Under the principle established by these sections, when viewed in the light of the many decisions of our appellate courts, the answer sets up no defense.  The allegations of the answer must be construed most strongly against the defendant.  He admits the execution of the contract and seeks to avoid the effect of it by alleging a subsequent naked agreement.  The defendant alleges that he and the plaintiff had an agreement whereby the plaintiff was to get the refrigerator and defendant in return was to receive his original sales obligation.  Neither of these things was done.  Even if there was an accord between them, it was executory and without satisfaction.  The accord and satisfaction was never executed.  The answer nowhere alleges any advantage, legal or equitable, to the creditor sufficient to bar him from its legal rights.  Nor does the answer allege other sufficient facts to sustain a legal or equitable defense.  In further support of the ruling here made see *Long* v. *Scanlan,* 105 *Ga.* 424, 426 (31 S. E. 436); *Purser* v. *Rountree,* 142 *Ga.* 836 (3) (83 S. E. 958); *Burgamy* v. *Holton,* 165 *Ga.* 384, 395 (141 S. E. 42); *Denson* v. *Battle,* 17 *Ga. App.* 575 (2) (87 S. E. 842); *Hoffman* v. *Franklin Motor-Car Co.,* 32 *Ga. App.* 229 (122 S. E. 896); *Messenger Publishing Co.* v. *Overstreet,* 36 *Ga. App.* 458 (137 S.

E. 125); *Redman* v. *Woods,* 42 *Ga. App.* 713 (157 S. E. 252); *Cohutta Talc Co.* v. *Gulf Refining Co.,* 47 *Ga. App.* 439 (170 S. E. 545) · *Wilder* v. *Montgomery,* 51 *Ga. App.* 231 (179 S. E. 861).

In view of what has been said, the court erred in overruling the motion to dismiss the answer. It is unnecessary to deal with the evidence which was admitted after that erroneous ruling.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*