32049. LEAKEY *v.* DUKE *et al.*

GARDNER, J. (a) G. T. Duke and J. R. Duke, doing business as Duke's Poultry Market, brought a bail-trover action against Robert A. Leakey in the Civil Court of Fulton County, for a check in the sum of $200 bearing date of December 12, 1947, payable to Robert A. Leakey, drawn on the Citizens & Southern National Bank, signed by Duke's Poultry Market by J. R. Duke, being check No. 501, certified by said bank.

The defendant, before pleading to the merits, filed a general demurrer, which was overruled. No exceptions pendente lite were filed. The case proceeded to trial before a judge of said court, and a jury. The judge directed a verdict for the defendant after evidence was introduced by

both parties. A motion for a new trial was made by the plaintiff, which was overruled. An appeal was then had to the Appellate Division of the Civil Court of Fulton County. The Appellate Division reversed the judgment of the trial judge in directing the verdict. It is on this judgment that error is assigned here. There were no exceptions pendente lite filed to the overruling of the demurrer. This being true, it is the law of the case that the petition set out a cause of action for trover. *City of Hapeville* v. *Jones,* 194 *Ga.* 57 (20 S. E. 2d, 599); *Burruss* v. *Burruss,* 196 *Ga.* 813 (27 S. E. 2d, 748).

(b) Briefly, the evidence sufficient for a determination of the case is: Leakey was the agent of Mrs. Ruth E. Schaeffer, to sell a beauty salon for the price of $2750. He advertised the beauty salon in a newspaper. The plaintiff, seeing this advertisement on Friday, December 12, 1947, called the defendant with reference to the beauty salon. Thereupon, the defendant went to the place of business of the plaintiff, arriving there about 3:30 in the afternoon. After negotiations, the plaintiff agreed to buy the salon provided that the net profits of the salon "exceeds $200 per month." The plaintiff was to have until the following Sunday to inspect the books to ascertain with reference to the guaranteed profits. The defendant drew up an original and a duplicate original contract with reference to the sale, which the plaintiff signed specifying the terms of the sale. Among the specifications were that the profits were guaranteed to exceed $200 per month and also this clause "this instrument shall be regarded as an offer by the buyer or seller who first signs to the other, and is open for acceptance by the other until 5:00 o'clock p. m. on the 16th day of December, 1947." About 5:30 p. m. on the same afternoon the contract was submitted and signed by the plaintiff and shortly after the defendant had returned to his office with the check described in the petition (with the exception that it was not at that time certified), the plaintiff J. R. Duke, called the defendant at the defendant's office over the telephone. In this telephone conversation the plaintiff, J. R. Duke, informed the defendant that the plaintiff's wife, for whom the beauty salon was being purchased (and this was understood in the negotiations leading up to the signing of the contract by the plaintiff) had been in an automobile wreck and that for this reason the plaintiff could not proceed further with the purchase of the beauty salon. The plaintiff testified that the defendant, over the telephone, in that telephone conversation (which had to be, according to the evidence, less than two hours from the time of the signing of the contract), promised the plaintiff upon request, that the defendant would return the check and that the offer would not be submitted to Mrs. Schaeffer. The defendant promised to return the check that same afternoon or the following day, December 13. However, the next day the defendant called the plaintiff and said "unbeknownst to him, one of his salesmen had taken the contracts from the office and had submitted them the afternoon before to Mrs. Schaeffer at Decatur and that she had accepted the offer." The defendant declined to return the check and stated that he would keep the check for his commissions. This was on Saturday. On December 15, the defendant presented the check and had it certified.

The defendant confirmed the statement that the plaintiff called him over the telephone, as the plaintiff stated, and informed the defendant of the automobile accident in which the wife of the plaintiff was involved, and that the plaintiff requested the return of the check. But the defendant testified that he informed the plaintiff that if Mrs. Schaeffer had not already signed up he would try to cancel the deal, but it developed that Mrs. Schaffer signed the contract on Friday, the date it was made. The contracts were introduced, also the check showing that it was certified on the 15th, but does not show when it was paid. We think the trial court erred in directing a verdict for the defendant. The evidence above set forth, and other evidence, and all the circumstances in the case made a jury issue as to whether the offer to purchase had been withdrawn. Notice to the agent, under the facts of this case, was notice to the principal. Code, § 4-309. The law would authorize the withdrawal of the offer before it was accepted. See, in this connection, *Lunsford* v. *Electric Paint Co.,* 55 *Ga. App.* 96, 99 (189 S. E. 285). See also the Code, § 20-905, to the effect that "a release by the other contracting party, is a complete defense." See *Rural Electric Appliance Co.* v. *Joiner,* 69 *Ga. App.* 353 (25 S. E. 2d, 428). There are other questions argued, but we think the questions dealt with above are controlling. The Appellate Division of the Civil Court of Fulton County did not err in reversing the judgment of the trial court, and in granting a new trial.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided July 16, 1948.

*Augustus M. Roan,* for plaintiff in error.
*T. B. Higdon,* contra.