### 33115, 33125.   WILLIAMS *v.* AMERICAN SURETY COMPANY; and *vice versa.*

DECIDED DECEMBER 1, 1950. REHEARING DENIED DECEMBER 19, 1950.

*Sam C. Dettelbach,* for plaintiff in error.

*Pope B. McIntire, Jones, Williams & Dorsey,* contra.

WORRILL, J. This is an action by American Surety Company against Sid Williams to recover the amount paid by the Fulton National Bank of Atlanta on two checks drawn and cashed by the defendant. The petition alleged, and the admissions of the defendant and the evidence introduced on the trial of the case tended to show, that Williams had drawn two checks on the account of Maurice C. Coleman and Associates with the bank, and had cashed the checks by depositing them to his personal account with the Trust Company of Georgia; that the Trust Company of Georgia had forwarded the two checks in the regular course of business to the Fulton National Bank which paid them, although it had received notice apparently terminating the authority of Williams to sign checks on the account of Coleman and Associates. There was also evidence tending to show that on or about March 29, 1948, Maurice C. Coleman had written the bank a letter directing that after that date it honor checks on his account only when signed by himself and one other named person; that employees of the bank noted this letter, but apparently overlooked it when the checks drawn by Williams came in, and through this oversight paid them; that demand was made on Williams to repay the sum but that he had refused, and the bank had assigned its rights in the matter to the plaintiff, American Surety Company. The case was tried in the Civil Court of Fulton County by a judge thereof who after hearing evidence rendered a judgment for the plaintiff for $656.80, the amount of the two checks, plus interest from April 7, 1948. The defendant made a motion for a new trial on the general grounds and on six special grounds which was overruled, and he excepted.

The assignment of error in this court in the main bill of exceptions complains only of the ruling on the motion for a new trial. In a cross-bill of exceptions, the plaintiff assigns error on exceptions pendente lite to the order of the court sustaining the general demurrer to the second count of the petition.

■ Ground 4 of the amended motion for a new trial complains because the court admitted, over the defendant's objection that it was not the highest and best evidence and that the original had not been satisfactorily accounted for, a photostatic copy of the letter written by Coleman to the Fulton National Bank notifying the bank of the limitation or termination of Williams' authority to sign checks. The act of 1950 (Ga. L., 1950, page 73, section 1, provides: "That any photostatic or micro-photographic or photographic reproduction of any original writing or record which may be or has been made in the regular course of business to preserve permanently by such reproduction the writing or record shall be admissible in evidence in any proceeding in any court of this State, and in any proceeding before any board, bureau, department, commission or agency of the State, in lieu of and without accounting for the original of such writing or record. . ." W. F. Talley who was sworn as a witness for the plaintiff testified that he was Assistant Vice-President of the bank, that he received the original letter from Coleman, that, in handling the case, the bank made a photostat of the original letter for its attorneys in order to keep the original letter in their files, that the original letter had been misplaced and they were unable to locate it, that, as far as he knew, the original was still in the bank's files, but that he could not locate it and that the photostat was made in the regular course of business, that he recalled seeing the original letter and that the photostatic copy sought to be introduced was a copy of the original. Conceding, but not holding, that despite the act of February 7, 1950, quoted above, the evidence sought to be introduced in this case was secondary evidence, it is settled that whether the showing made to admit secondary documentary evidence and to acount for the original writing is sufficient is within the sound discretion of the trial judge, and that his decision in this regard will not be disturbed by this court unless that discretion is manifestly abused. *Electric Paint & Varnish*

*Co.* v. *Lunsford,* 58 *Ga. App.* 270(4) (198 S. E. 277); *Wilson-Weesner-Wilkinson Co.* v. *Collier,* 62 *Ga. App.* 457(4) (8 S. E. 2d, 171); *Brooks* v. *State,* 63 *Ga. App.* 575(2) (11 S. E. 2d, 688); *Goettee* v. *Carlyle,* 68 *Ga. App.* 288(4) (22 S. E. 2d, 854). In view of the testimony of Talley regarding the attempts to locate the original of this letter and the fact that he testified that he had seen the original and knew that the photostatic copy introduced was a true copy made in the course of business, the trial court did not err in permitting the copy to be introduced in evidence.

■ Ground 5 of the motion for a new trial assigns error on the refusal of the court to exclude the testimony of the witness, Talley, that upon the receipt of the letter referred to above he had the bank's records changed, that he gave the letter to his secretary and said to her "Go right to the bookkeepers and tell both of them, in addition to the head bookkeeper, not to honor any more checks signed by Sid Williams"; that when he received the letter he gave instructions that no more checks signed by Sid Williams were to be paid and charged to Coleman's account. This was objected to by the defendant on the ground that "conversations between Mr. Talley and third persons, not in defendant's presence, were not admissible, same being hearsay in so far as defendant was concerned." This ground of the motion is without merit. Hearsay evidence is that which rests upon the truth and veracity of other persons not subject to cross-examination on the trial. Code, § 38-301. Clearly, the evidence of Talley as to what he told some third person about the letter or as to instructions given to such third person can best be testified to by Talley himself. The credibility of this testimony rests on his veracity alone. He was not testifying to what some other person said to him or to facts related to him by some other person out of defendant's presence. Such evidence was not hearsay nor was it subject to the objection that it was a conversation had with third persons out of the defendant's presence.

■ The sixth ground of the amended motion complains because the court refused to direct a verdict for the defendant after the plaintiff's evidence had closed. It is well settled in this State that it is never error to refuse to direct a verdict. *Pearl Assurance Co.* v. *Nichols,* 73 *Ga. App.* 452(1) (37 S. E. 2d, 227), and cases cited therein.

■ Grounds 7, 8 and 9 of the amended motion for a new trial complain of the refusal of the court to permit the defendant to introduce in evidence a copy of the contract between Coleman and himself, and of the refusal of the court to permit the defendant to testify as to this contract and that under it Coleman owed him certain sums as unpaid salary for which the two checks in question were written, and of the refusal of the court to permit the defendant's attorney to testify as to the knowledge of the plaintiff and its agents of the defendant's claims and contentions in regard to the salary owed him by Coleman. In connection with these assignments of error, the defendant contends that, when he cashed the checks and the Fulton National Bank paid them in due course, he received the money as the agent of Coleman and applied the moneys so received to the cancellation of the indebtedness of back salary due him by Coleman.

This contention and these grounds of the motion for a new trial are without merit. As we see it there is no question of agency involved here. Williams received the money as an individual and not as the agent of anyone. Furthermore, when a bank receives the funds of its depositors it becomes the debtor of such depositors and its primary duty as such is to pay such funds out only on the order of the depositors. *Atlanta National Bank* v. *Burke,* 81 *Ga.* 597, 599, 600 (7 S. E. 738); *Georgia R. & Bkg. Co.* v. *Love & Goodwill Society,* 85 *Ga.* 293, 297 (11 S. E. 616). If it pays funds on any other order it pays its own funds and where it shows that such payment was made through a mistake or as the results of someone's fraud, it is entitled to recover such payment in an action for money had and received. As we view the record in this case the sole question for the court, sitting as judge and jury, to decide, in view of the admissions made in the answer, was whether or not the defendant, when he drew the checks on the account of Coleman had actual authority to do so. The bank had no authority to pay funds out of Coleman's account except upon the order of some person duly authorized by Coleman to draw thereon, and the fact that the defendant may have been a creditor of Coleman does not change this rule. In this light, then, the defenses sought to be introduced by the defendant by this evidence and excluded by the court, as complained of in grounds 7, 8 and 9 of the amended

motion for a new trial, were not available to the defendant in this action, and the trial court did not err in excluding this evidence and in thereafter overruling these grounds of the motion for a new trial.

■ The evidence authorized the verdict, and, no error of law appearing, the trial court did not err in overruling the motion for a new trial on the general grounds.

This case was considered by the whole court as provided by the act approved March 8, 1945, Ga. Laws, 1945, p. 232.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. Sutton, C.J., MacIntyre, P.J., Gardner and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. It does not appear as a matter of law or from the evidence that the letter to the bank notifying it of the revocation of Williams' authority was one of the kinds of instruments which are customarily photostated by banks in the due course of business for the purpose of the transaction of business in permanently preserving the records and there was no sufficient accounting for the original of the letter to authorize the admission of a photostatic copy in evidence.