### 34120.  Aycock *v.* Copeland Motor Company Inc.

Carlisle, J.  1. Where, in a dispossessory-warrant proceeding, brought by a lessor, under a written lease for years, against the lessee for failure to pay rent, the lessee in its counter-affidavit defended upon the ground that the rent was not due under the lease by virtue of the fact that the lease had been terminated and rescinded by a subsequent oral agreement some fourteen months prior to its expiration date; and where, upon the trial of the case, it appeared that while the lessor and lessee did enter into negotiations concerning the rescission and termination of the written lease, and under one theory of the evidence the jury was authorized to find that the lessor made an offer, which was accepted by the lessee, to pay the lessee $500 for the surrender of the lease and the premises, it nowhere appeared from the evidence, or the reasonable deductions to be made therefrom, that the premises were ever surrendered or the $500 paid, the subsequent oral agreement was purely executory and did not effectuate a termination or rescission of the original written lease, as the subsequent oral agreement, being in the nature of an accord and satisfaction, was, under the uncontradicted evidence, nothing more than accord unsatisfied, or an accord never executed (*Rural Electric Appliance Co.* v. *Joiner,* 69 *Ga. App.* 353, 25 S. E. 2d, 428, and citations); and, the rent being admittedly due, if

there was no rescission of the original lease, the verdict was contrary to the evidence, and the trial court erred in overruling the motion for a new trial.

2. Since the case must go back for a new trial for the reason stated in division 1 of this opinion, the assignments of error, contained in the special grounds of the motion for a new trial, on the admission of evidence and the charge of the court, are not determined at this time.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 3, 1952—REHEARING DENIED SEPTEMBER 17, 1952.

*S. B. Wallace,* for plaintiff in error.
*Cumming, Cumming & Cumming,* contra.