A08A0844. FIELDS v. LANIER.
(670 SE2d 145)

BARNES, Chief Judge.

Robert M. Fields appeals the grant of summary judgment to Billy F. Lanier in this lease dispute. Fields and Lanier entered an agreement under which Fields leased property from Lanier for one

---

year to run a restaurant. Fields abandoned the property, and Lanier successfully filed suit in magistrate court to recover the unpaid rent. Fields appealed to superior court seeking de novo review of the magistrate court's order. Lanier filed a motion for summary judgment, which the trial court granted. Fields filed an application for discretionary review of his case which this Court granted under OCGA § 5-6-35 (a) (1), and this appeal ensued.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Commencing January 1, 2005, per the lease terms, Fields was to pay Lanier monthly rent in the amount of $1,500 plus designated utilities and other services to lease certain property from Lanier for the operation of a restaurant. The electric and ice machine rental bills were kept in Lanier's name. Fields paid rent for the months of February and March, but abandoned the property on April 7, 2005. When he abandoned the building, Fields had not paid the ice machine rental bills for February and March or the electric bills for March and April. The total amount due for these bills was $1,436.66. Lanier's daughter, who managed the property on his behalf, proposed to Lanier that she would accept the abandoned property without further obligation from him if Fields paid the amount due for these bills.

Fields averred that he accepted the terms presented by Lanier's daughter under the condition that the payment would not be due for at least three weeks until he returned to Georgia. In her affidavit, Lanier's daughter recalled that Fields "said that he was unable and unwilling to pay." Lanier maintained that when he came back to Georgia to pay the money, Fields refused to accept it and had already filed suit in magistrate court. It is undisputed that Lanier did not make any payments after he left the property. Fields filed a claim in magistrate court seeking money damages of $15,001.66 for the unpaid rent and the utilities. The parties were unsuccessful in their court-ordered mediation, and following a hearing on the case, the magistrate court entered judgment in favor of Lanier for the reduced amount of $10,468.

1. Fields first argues that the document he and Lanier signed is not an enforceable lease because it is fatally deficient as, among other things, it does not contain a description of the property. He argues that, as such, he was a tenant at will whose tenancy terminated upon his abandonment of the property.

We agree that "[t]o satisfy the statute of frauds, a lease agreement must describe the property to be leased with sufficient clarity and definiteness to disclose the lessor's intentions and permit identification of the property." (Footnote omitted.) *Nacoochee Corp. v. Suwanee Investment Partners*, 275 Ga. App. 444, 446 (1) (620 SE2d 641) (2005). And here, the only description of the property is that it is in Bulloch County and consists of 1,600 square feet. However, the Statute of Frauds applies only to leases in excess of one year. *Butler v. Godley*, 51 Ga. App. 784, 786-787 (181 SE 494) (1935) (physical precedent only) (the "provisions of the statute of frauds do not apply to a contract creating the relation of landlord and tenant, where made for not exceeding one year"). See also OCGA § 44-7-2 (a), which provides, "contracts creating the relation of landlord and tenant for any time, not exceeding one year, may be by parol." (Citation and punctuation omitted.) *Steininger v. Williams*, 63 Ga. 475, 476 (1879). This lease is for a year, and thus the Statute of Frauds does not apply.

> A parol contract sought to be enforced as within some exception to the Statute of Frauds must be certain and definite in all essential particulars, and if part performance is relied upon to make [it] enforceable, the part performance must be part performance of an essential element of the contract sought to be proved, and of a character which would render it a fraud on the plaintiff if the defendant refused to comply.

(Citation and punctuation omitted.) *Smith v. Top Dollar Stores*, 129 Ga. App. 60, 63 (1) (198 SE2d 690) (1973).

Here, the element sought to be supplied was the complete description of the property to be leased. It is undisputed that Fields was in possession under the contract for three months, and paid the rent for that time, and therefore the contract was executed. Fields's possession of the premises supplied such partial performance to prove the essential element sought to be proved, that is, the description of the property that was covered by the terms of the lease. Compare *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343, 344 (2) (259 SE2d 729) (1979) ("Plaintiff's possession of the premises and payment of rent does not supply such partial performance as will tend to prove the essential element sought to be proved, that is, the durational term of the lease.").

2. Fields also argues that the trial court erred in granting summary judgment because there exist genuine issues of material facts to be resolved by the jury. Specifically, he maintains that Lanier's daughter had authority to act on Lanier's behalf and agreed

to accept payment of $1,436.66 in satisfaction of any obligation Fields had under the lease agreement. However, until consideration is actually paid, an executory agreement to accept surrender of the premises does not effectuate a termination or rescission of the original lease. *Aycock v. Copeland Motor Co.*, 86 Ga. App. 765 (1) (72 SE2d 540) (1952). Fields does not dispute that he never made any payments under the agreement. Thus, any agreement with the daughter "[was] in the nature of an accord and satisfaction, [and], under the uncontradicted evidence, nothing more than accord unsatisfied, or an accord never executed." (Citation omitted.) Id.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 2008.

*Callaway, Neville & Brinson, William J. Neville, Jr.*, for appellant.

*Laura H. Wheaton*, for appellee.