### 5301.  O'BRIEN *v.* ELLARBEE.

1. Assignment of error in a ground cf a motion for a new trial is not the appropriate method of reviewing rulings on pleadings.

2. An exception presented in a ground of a motion for new trial, assigning error upon the admission of testimony, is fatally defective and can not be considered, unless the testimony alleged to have been objected to is either incorporated in the ground of the motion itself, or attached thereto as an exhibit, verified by the presiding judge. For this reason this court is unable to consider the assignment of error complaining that the defendant was permitted to testify as to transactions and communications had with the plaintiff's testator.

3. It being admitted, in the defendant's answer, that a prior trade between the defendant and the plaintiff's deceased husband (of whose estate she was the legal representative) was rescinded, it was error to allow the defendant, over objection of the plaintiff, to testify as to the value of the horse first purchased by him from the decedent, and as to the subsequent rescission.

4. It was also erroneous and prejudicial to the plaintiff to allow the defendant to testify that the plaintiff had not offered to return the money paid for the horse. The defendant had not offered to return the horse, which was in his possession, nor had the plaintiff asked a rescission, nor was there any evidence that she had offered to rescind, and nothing had come into her hands except the defendant's check, which he himself had ordered the bank to pay.

5. The court did not err in refusing to exclude the testimony of a witness for the defendant upon the sole ground that the testimony of this witness, upon his cross-examination, was vague, uncertain, and indefinite. It was for the jury to determine whether the testimony of the witness was so vague, indefinite, and uncertain as to be worthless, or whether the testimony—though contradictory in some respects—possessed some degree of probative value.

6. While express and implied warranties on the same subject can not co-exist in a contract of sale, since the express warranty in such a case would ipso facto exclude any implied warranty as to the specific quality involved, still this exclusion does not necessarily extend to every feature of the contract; and usually express warranties, descriptive of the particular articles sold, are not so general as to exclude an implied warranty that the article is merchantable and so free from inherent defects as not to be worthless or unsuited to the uses for which such an article is ordinarily employed.

7. It is never reversible error to refuse to direct a verdict.

DECIDED FEBRUARY 4, 1914.

Appeal; from Tattnall superior court—Judge Sheppard. August 1, 1913.

*H. C. Beasley,* for plaintiff.

*W. G. Warnell, John P. Moore,* for defendant.

RUSSELL, C. J. O'Brien sued out an attachment for purchase-money, which was levied upon a certain horse described in the attachment. Before the suit upon the attachment was tried O'Brien died, and his executrix, Mrs. Jessie M. O'Brien, was made party plaintiff in his stead. The defendant filed a plea that the horse was worthless, and that, relying upon false and fraudulent representations of the plaintiff, he had been defrauded into giving a check for $100, which represented a part of the purchase-price of the second horse. By amendment he alleged that the deceased vendor represented that the horse, for which the first horse was exchanged, was a good, sound, gentle work-horse, trusty and reliable, and worth $325,—being $100 in addition to the $225 given for the first horse; that the horse was not as represented; not a good work-horse, nor gentle and trusty; and hence the consideration for the additional $100, represented by the check, had totally failed.

1. Objection was made to the allowance of the amendment to the defendant's plea, but no exception was filed pendente lite, nor was there in the bill of exceptions any direct exception to the ruling upon the pleadings. The objection is embodied in one of the grounds of the motion for a new trial, and of course we are unable to consider it. That alleged errors in rulings upon the pleadings can not be reviewed by assigning error thereon in a motion for a new trial is a rule so well settled that, to use the language of Chief Justice Lumpkin, in *Sutton* v. *McLeod,* 29 *Ga.* 594, it "is hoary with age. We bow to it reverently."

2. In the second ground of the motion for a new trial complaint is made that the court erred in allowing Ellarbee to testify fully as to the transactions and communications had by himself with O'Brien, the deceased,·in violation of the provision contained in the exception to the general rule upon the subject of competency of witnesses, as contained in section 5858 of the Civil Code. The statement as contained in the motion for a new trial is merely a conclusion of counsel. The rule that the evidence must be embodied in the ground of the motion for a new trial, or verified by being attached thereto as an exhibit, has been established in order to enable the court to determine whether counsel reaches the right· conclusion, and whether the testimony admitted or rejected itself sustains that conclusion. The writer confesses that, in his personal opinion, where, as in the present instance, the verity of the statements contained in the ground of the motion for new trial can be ascertained by mere reference to the brief of evidence, the rule is of doubtful propriety; but nevertheless it is well settled, and has long been recognized by the courts of review. It is apparent, from an examination of the brief of evidence in this case, that the defendant testified at length as to every detail of the transaction with the deceased, which resulted in an exchange of horses, and as to the value of the horse, but on account of the insufficiency of the assignment of error, we are precluded from considering the propriety of the court's ruling upon the testimony of the defendant as to the transactions and communications with the deceased, which are forbidden by the provisions of code-section 5858.

3. But there is a sufficient exception to the ruling of the court in admitting the testimony as to the value of the horse first bought by Ellarbee, and as to which he admitted the trade had been rescinded, and it is certified by the court that the defendant was permitted to testify as to the value of the first horse, and that the trade had been rescinded. In this we think the court erred, and we are impelled to award another trial upon this ground (as well as that to which we shall next refer), by reason of the fact that it appears from the brief of evidence that the defendant's case rests almost, if not entirely, upon his own testimony as to what transpired between himself and the deceased,—testimony which, if the rule referred to in the preceding division of this opinion had been complied with, would have made the grant of a new trial mandatory.

4. Objection was made to the admission of testimony to the effect that the plaintiff had not offered to return the first horse, but the court overruled the objection and permitted it to be proved that the plaintiff had neither offered to rescind and return the check, nor offered to return the first horse. This testimony was wholly irrelevant in the connection in which the question was asked, and was necessarily prejudicial. The defendant was insisting that there had been a rescission of the first trade, and that he was defrauded into taking the second horse in exchange and in being induced to give a check for $100 for the difference, and was asked if he had offered to return the horse. He replied that he had not. This was in response to cross-examination; and at the conclusion of the cross-examination he was permitted to testify, upon redirect examination, that the plaintiff had not offered to return either the horse or the money. If there had been any testimony that the plaintiff had offered to return either, the evidence might have been admissible as contradictory to the plaintiff's contention, but there was no suggestion from any source that the plaintiff's contention was or had been other than in support of the theory that the trade between the defendant and her husband was final, and there was no evidence of any desire upon her part to rescind. In fact, under the plaintiff's attachment for purchase-money, along with the defendant's statement that he had offered to rescind, there was no theory in the case as to which it was relevant whether the plaintiff had ever sought to rescind.

5-7. A review of the charge of the court shows that the insistence of counsel that the court presented the contentions of the defendant more strongly than those of the plaintiff is not sustained. The remaining assignments of error are sufficiently elaborated in the headnotes.

Upon consideration of the general grounds of the motion for a new trial, that the verdict is contrary to the evidence and without evidence to support it, and consequent examination of the brief of evidence, it is clear that a finding in favor of the defendant would hardly have been probable if the incompetent evidence of the defendant, as to the transactions and communications with the deceased, were eliminated. And though the objections to this testimony are not so presented as to require the grant of a new trial, either by the lower court or by this, it would not seem proper that

this evidence, which by law and under sound public policy is inadmissible, should be permitted to be the foundation of a verdict when there are other errors. Upon another trial it is not likely that the errors herein pointed out will recur.

*Judgment reversed.*