(No. 13659.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM HALE THOMPSON, Plaintiff in Error.

*Opinion filed December 21, 1920.*

1. TAXES—*introduction of assessment roll makes a prima facie case of liability for taxes.* In an action of debt to recover unpaid taxes the People make a *prima facie* case by the introduction of a copy of the assessment roll showing that the defendant was the owner of the property and liable for the taxes for the year or years for which the assessment was made.

2. SAME—*when defendant in a suit for taxes is bound by evidence of a return.* A defendant in a suit for unpaid taxes cannot make the defense that the property was not liable for taxes in the municipality in which the assessment was made where the assessment book contains the initial "R," which is proved to mean that a return was made, notwithstanding there is evidence that in exceptional cases, for the purpose of preventing a penalty for not making a return, the assessment is marked with the letter "R" as though a return had been made.

3. EVIDENCE—*parol evidence is admissible to explain initials— judicial notice.* The courts take judicial notice of abbreviations which are in common use, but parol evidence is admissible to explain initials or abbreviations not in common use but having a special meaning.

CARTER, J., dissenting.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding.

LEON HORNSTEIN, and JAMES W. BREEN, for plaintiff in error.

MACLAY HOYNE, State's Attorney, (FRANK J. CARROLL, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

An action of debt was brought by the People of the State of Illinois in the municipal court of Chicago against William Hale Thompson to recover $93.55 taxes levied on his personal property in the town of South Chicago, in Cook

county, for the year 1915, and $152.50 for taxes on personal property in the same town for the year 1916. There was a trial by the court, resulting in a finding against the defendant for the taxes of 1915 and in his favor as to taxes of 1916, and judgment was rendered accordingly for $93.55 and costs. A writ of error was sued out of this court for a review of the record.

On the part of the People a copy of the assessment roll for the year 1915 was proved and introduced in evidence. At the top of the first column were the words "Kind of return," under which there appeared "R," and a witness who had been clerk in the board of assessors' office twenty-one years testified that the letter "R" meant that a return was made to the board for the purpose of assessment and the letter was put on the assessment roll to show that such a return had been made; that the board only kept the original schedule two years, and the original schedules for the year 1915 had been destroyed to make room for the schedules of the current year. He said that the letter "R" showed that a return of the property for assessment had been made either by a schedule of the owner or a statement made to one of the assessors, or that the amount assessed the previous year had been put down at the owner's request. A clerk in the county collector's office produced the 1915 collector's book of the town of South Chicago showing the tax and that it had not been paid. There were two methods of assessing personal property, one being upon a return of the owner accepted by the board of assessors, and the other by an estimate of the board to which a penalty was added, and he testified that the letter "R" in the first column signified that a return had been made, and the letter "E," which appeared in another line on the assessment book, signified an estimate by the board of assessors, in which case a penalty required by law was added.

The suit was authorized by section 230 of the Revenue act as amended in 1917, which makes the fact that prop-

erty is assessed to a person *prima facie* evidence that such person was the owner thereof and liable for the taxes for the year or years for which the assessment was made, and such fact may be proved by the introduction in evidence of the proper assessment book or roll or other competent proof. (Laws of 1917, p. 661.) The People therefore made a *prima facie* case by the introduction of a copy of the assessment roll and were entitled to judgment unless the case so made was overcome by evidence on the part of the defendant. *Ottawa Gas Light and Coke Co.* v. *People*, 138 Ill. 336.

It was not claimed that the defendant was not the owner of the property assessed nor that the property was taxed elsewhere and the taxes paid, but the defense was that the property was not liable to taxation in the town of South Chicago. An official of the city of Chicago testified that he was the personal representative of the defendant in the years 1915 and 1916 and took care of his taxes; that the defendant on April 1, 1915, lived in the town of Lake View and had paid taxes on his personal property assessed to him in that town; that he did not file a schedule for the defendant in South Chicago, and so far as he knew the defendant did not; that the defendant had maintained an office in the town of South Chicago, in which he had desks, furniture and office fixtures, but removed from the office shortly after the mayoralty primaries, which were held in February, 1915; that the office was not used for any business but as a political office; that about a third of the furniture, consisting of filing cabinets, card cases and indexes that had to do with political matters, was moved over to Randolph street, to the Union Hotel, and the rest of it was taken over by James A. Pugh; that the removal took place before April 1, 1915, but the defendant still assumed the lease and the rent was paid to defendant by Pugh. An assessor testifying for the defendant said that the letter "R" stood for return; that all returns would be marked indi-

cating there was no penalty, but it did not necessarily mean that there was a schedule; that there were two ways of making an assessment: one by marking "E" for an estimate and the other "R" for return; that there were cases in which the board was asked by letter or telephone to make an assessment the same as last year and it would be marked "R;" that sometimes an attorney might make a request for a client or a friend, or in case the mayor or some prominent individual or official failed to make any return the board would mark the letter "R" on the assessment to prevent a penalty. Another agent for the defendant testified that he did not make any return for the defendant.

The assessment roll made a *prima facie* case for the People without the letter "R," which appeared in the column headed "Kind of return." The defendant proved that his property was not in the town of South Chicago on April 1, 1915, but if a return was made it was not the business of the board of assessors to inquire whether the property assessed was located in the town of South Chicago and the defendant was bound by the return. (*People* v. *Atkinson,* 103 Ill. 45.) The courts take judicial notice of abbreviations which are in common use, (*Kile* v. *Town of Yellowhead,* 80 Ill. 208,) but the letter "R" had no meaning without explanation, and parol evidence is admissible to explain initials or abbreviations when necessary to show their meaning. (*Paris* v. *Lewis,* 85 Ill. 597; *McChesney* v. *City of Chicago,* 173 id. 75; 10 R. C. L. 1071.) There was no evidence that the defendant did not himself make a return in some one of the methods shown to have been acceptable to the board of supervisors nor authorize some person to make it. The letter showed that either the defendant made a return or it was made by someone assuming to act for him, or, possibly on account of his position and political prominence, it was set down to avoid a penalty. The fact that in exceptional cases the assessment of the previous year was set down with the letter "R," as though a return had

been made, was not sufficient to show that it was done in this case, and the finding and judgment were in accordance with the law.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER, dissenting.