28558. BROOKS *v.* THE STATE.

576

Decided November 15, 1940.

*George Brannon, Roland Neeson, Roy S. Drennan,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

MacIntyre, J. ■ Thomas Brooks was convicted of false swearing. He was sentenced to serve from three to five years. His motion for new trial was overruled, and he excepted. It appears from the evidence that on August 9, 1938, the defendant made an application to the First Federal Savings and Loan Association of

Atlanta for a loan of $1500. The loan contract was acknowledged before an authorized notary public on August 16, 1938, in which the defendant gave the association a deed to certain described real estate to secure the debt. The defendant warranted in said loan contract that "said property is clear and free from every kind and description of liens or encumbrances, except as follows: 1936 State and county taxes in dispute." The defendant further warranted "that no one has a better title either in law or equity, to said premises than the undersigned, and that the undersigned has not executed or suffered or permitted any one to execute any other conveyance, bond for title, mortgage, lien, or encumbrance for or upon said real estate which remains uncanceled prior to the loan deed above referred to; that the undersigned has no litigation in any of the courts of the State of Georgia or of the United States affecting said property; that no judgment, decree, attachment, or lien of any other character exists against the undersigned or against said property; that there are no outstanding bills either for labor or materials on account of any improvements placed upon said real estate within the last ninety days; that the premises described in said deed have been held by deponent and preceding owners for a period of twenty years last past and upward, and that said possession has been peaceable and undisturbed, and that the title has never been disputed or questioned to my knowledge or belief." In spite of these representations, it appears that before the execution of this loan agreement the defendant, on April 27, 1938, had purchased from Mrs. Emily Sheffield the same piece of property, giving $50 in cash and 100 notes in the principal sum of $20 each, payable monthly. The defendant gave Mrs. Sheffield a deed to the property as security for payment of the purchase-price. This deed was never recorded; and when questioned as to why it was never recorded, Mrs. Sheffield testified that about two days after the first note of $20 became due (due date being May 15, 1938), she went to the defendant to collect it and, "He told me he did not have the money but he would pay it in a few days; and he said something about 1936 taxes he had to pay, and he said, 'I have a friend over there, and I can have the taxes settled for six or seven dollars, and don't have none of the papers recorded until I get that settled.' He said, 'If you will hold yours off, I will hold mine.' I took the man's word for it."

578

The Code, § 26-4003, declares: "False swearing shall consist in wilfully, knowingly, absolutely, and falsely swearing, either with or without laying the hand on the Holy Evangelist of Almighty God, or affirming in any matter or thing, other than a judicial proceeding, by a person to whom a lawful oath or affirmation has been administered." The punishment for false swearing is from three to ten years. With reference to the general grounds and special ground 9, the defendant contends in his brief, that under the evidence he could not be legally convicted of the offense of false swearing, for, under the evidence, when he was told to hold up his hand and was then asked whether or not the same was true, he made no reply; and that, "while silence might be chargeable against the defendant as an estoppel, it certainly could not be the equivalent of an overt act in a criminal offense, and the offense of false swearing is one requiring an absolute overt act." In the making of an affidavit of the character in question, it is not necessary that the affiant hold up his hand and swear, in order to make his act an oath. If both the affiant and the officer understand that what is done is all that is necessary to complete the act of swearing, his act is an oath in legal contemplation. *McCain* v. *Bonner*, 122 *Ga.* 842, 846 (4) (51 S. E. 46). "If the defendant, at the time of tendering the papers to the officer administering the oath, used language signifying that he consciously took upon himself the obligation of an oath, and the officer so understood, and immediately signed the jurat, this amounted to such concurrence of act and intention as constituted a legal swearing." *Williford* v. *State*, 56 *Ga. App.* 40 (2) (192 S. E. 93). Miss Essie Cain, the notary public, testified that "at the time he [the defendant] signed that document, he was asked by Mr. McLamb if he had signed this instrument, . . if that was his signature, . . if he had read the contents and was swearing that the contents were true; to which he raised up his right hand and swore to it." She also identified her own signature, and recalled the defendant's assenting to the contract. J. D. McLamb, attorney for the association and a member of the board of directors, testified: "The defendant, Thomas Brooks, raised his right hand in response to the question which I detailed a while ago that I asked him, and Miss Cain was present at the time, and *she delayed her fixing* of her signature until he had indicated his assent." (Italics ours.) The affidavit

was signed "Thomas Brooks. Sworn to and subscribed before me, this the 16th day of August, 1938. Essie Cain, Notary Public, Georgia, State at large." (The seal of Essie Cain as notary was attached.) Two witnesses, who on direct examination testified that the accused swore to the paper in question, did not on cross-examination or otherwise, testify or affirmatively show that their statements that the accused swore to the paper were not the precise truth. The defendant introduced no evidence, and did not make a statement. We are therefore of the opinion that the evidence amply authorized the jury to find that the accused and the notary knew and understood that an oath was being administered and taken, and under the rules of law stated above the jury were authorized to find the defendant guilty of false swearing.

■ It was not error to admit in evidence a copy of the security deed from the defendant to Mrs. Sheffield. The State proved that the original deed had been lost, and proved by the testimony of E. L. Sheffield, Mrs. Sheffield's husband, and John H. Hudson, attorney for Mrs. Sheffield, that they had made a diligent search for the original deed, and that it could not be found. It further appeared that Mrs. Sheffield was sick at the time of the execution of the deed, and that Mr. Sheffield handled the matter for her. "The examination preliminary to the introduction of secondary evidence of a lost original [deed] is left largely to the presiding judge; and where he is satisfied and admits the secondary evidence, it must be a clear case of abuse of discretion to require the interference of this court." *Orr* v. *Dunn,* supra. It does not appear that the judge abused his discretion in this instance. This ground is not meritorious.

■ Special ground 2 complains of the court's allowing counsel for the State, over objection, to argue the case to the jury at the conclusion of the evidence, when defendant failed to make any statement to the jury or introduce any evidence or argument of counsel. Both the State and the defendant in a criminal case are entitled to argue before the jury. The failure of the defendant in a criminal case to introduce any evidence does not preclude the State from making an argument to the jury, but merely grants to the defendant's counsel the right of opening and closing after the testimony on the part of the State is closed. Code, § 27-2201. This ground is likewise not meritorious.

■ Special ground 3 is to the admission in evidence of a certificate signed by the State Librarian to the effect that the notary public before whom the alleged oath was made was duly authorized to attest deeds, etc. The chief objection to the introduction of the certificate "is that it is not a certified copy of the commission issued. It is merely a statement certified to by the State Librarian as to the existence of a record in her office, which does not purport to be a true copy of the record under the statutory requirements." The purpose of a notarial seal is to authenticate the document to which it is duly affixed. "The seal of the notary public being evidence of the genuineness of his signature and of his official character, no further authentication is required." *Ballew* v. *Broach,* 121 *Ga.* 421, 422 (49 S. E. 297). The seal is prima facie evidence of authority of the notary public to administer the oath and of the regularity of the certification. 2 C. J. S. 971, § 21; Code, §§ 71-107, 71-201, 71-205; *Simpson* v. *Wicker,* 120 *Ga.* 418 (47 S. E. 965, 1 Ann. Cas. 542) ; 46 C. J. 521, § 34; 2 C. J. 336, § 47. The instrument in which the defendant was alleged to have sworn falsely was introduced into evidence, with the following jurat thereon: "Sworn to and subscribed before me, this 16th day of August, 1938. Essie Cain, Notary Public, Georgia, State at Large." (Her seal as notary was impressed thereon.) There was no evidence disputing this prima facie evidence showing that Essie Cain was a notary public, as shown by her seal. Hence the prima facie showing was sufficient, irrespective of any certificate from the State Librarian, and it was not necessary to present any certificate from the State Librarian to prove the notary's official character, and therefore even if the certificate of the State Librarian in this case was insufficient for any reason, its admission in evidence was not ground for a new trial. See Code, § 38-601; *Henderson* v. *Hackney,* 16 *Ga.* 521, 524.

■ The judge did not, under the facts of this case, commit reversible error, as contended in ground 4, in failing to charge the jury relatively to flight, in the absence of a request. The flight of the accused is a circumstance which may be considered by the jury in determining his guilt (*Jones* v. *State,* 123 *Ga.* 129, 51 S. E. 312; *Grant* v. *State,* 122 *Ga.* 740, 50 S. E. 946), and the failure to charge on this subject was not harmful to the defendant, and he can not be heard to complain.

■ It was not error, as urged in ground 5, for the judge to fail

to charge the jury the definition, or enter into any detailed explanation, of what is meant by the phrase "reasonable doubt." *Floyd* v. *State*, 58 *Ga. App.* 867, 871 (200 S. E. 207).

■ In the absence of an appropriate request, the omission to instruct as to the rules by which to test the credibility of witnesses is not cause for a new trial. *Freeman* v. *Coleman*, 88 *Ga.* 421 (3) (14 S. E. 551). Failure to charge as to credibility, in absence of a request, is not ground for a new trial. *Lewis* v. *State*, 129 *Ga.* 731 (3) (59 S. E. 782). Nor is it error, in the absence of a request, to fail to charge that in the commission of a crime there must be joint operation of act and intent or criminal negligence. *Bennett* v. *State*, 49 *Ga. App.* 804 (176 S. E. 148). Therefore ground 6, complaining of the failure to charge as to these matters, is not meritorious.

■ Grounds 7 and 8. The judge did not commit reversible error in failing to charge the jury that "the failure of the defendant to make any statement denying the charge should not be considered by the jury as any admission of guilt, or be considered by them in passing upon the guilt or innocence of the accused." Judge Powell in *Carter* v. *State*, 7 *Ga. App.* 42 (65 S. E. 1090), well stated the law relatively to this specific ground: "Where the defendant has not made a statement in his own behalf, it is not proper for the court to give in charge section 1010 of the Penal Code [Code of 1933, § 38-415, which relates to defendant's statement]. Unless the reference to the defendant's right to make a statement occurs in such connection as to leave the jury to infer that his failure to make one is to be counted against him, the error stands upon a like footing to that which arises ordinarily when a court gives in charge some principle of law, abstractly correct but not pertinent to the facts in the case." In the instant case there was no statement by the defendant, and there was no request to charge as above indicated. There was no reference at all to the defendant's right to make a statement, and nothing was said which would leave the jury to infer that his failure to make one was to be counted against him. This ground is not meritorious. *Carter* v. *State*, supra; *Grant* v. *State*, 42 *Ga. App.* 438 (2) (156 S. E. 642); *Tucker* v. *State*, 29 *Ga. App.* 221 (114 S. E. 583).

■ The evidence authorized the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*