29383. KIRKLAND v. THE STATE.

DECIDED APRIL 9, 1942.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*Bond Almand, solicitor, John Boykin, solicitor-general, Durwood T. Pye,* contra.

BROYLES, C. J. 1. In misdemeanors there are no accessories, but in such cases, "Whether the indictment is joint or several, any particular defendant accused therein of having committed the misdemeanor may be convicted by proof either that he directly and personally enacted the criminal transaction, or that he procured, counseled, commanded, aided, or abetted the criminal transaction of another, who was the direct and immediate actor." *Loeb* v. *State,* 6 *Ga. App.* 23 (1-*a*), 30 (64 S. E. 338); *Thomas* v. *State,* 65 *Ga. App.* 749 (16 S. E. 2d, 447).

2. In a criminal case, evidence as to the flight of the accused from the scene of the crime is a circumstance which the jury, or the judge, sitting as both judge and jury, may consider in determining his guilt. *Jones* v. *State,* 123 *Ga.* 129 (51 S. E. 312); *Grant* v. *State,* 122 *Ga.* 740 (50 S. E. 946); *Brooks* v. *State,* 63 *Ga. App.* 575, 580 (11 S. E. 2d, 688).

3. Applying the foregoing rulings to the facts of this case, the trial judge, without the intervention of a jury, was authorized, under the evidence submitted, to find the defendant guilty of the misdemeanor charged; and the judge of the superior court did not err in overruling the petition for certiorari, which was based solely upon the ground that the finding of the trial judge was not authorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*