29856. BAUKNIGHT *v.* THE STATE.

DECIDED FEBRUARY 9, 1943.

816

H. A. Allen, John H. Hudson, for plaintiff in error.

H. G. Vandiviere, solicitor-general, contra.

MacINTYRE, J. 1. The Code, § 26-4003, declares: "False swearing shall consist in wilfully, knowingly, absolutely, and falsely swearing, either with or without laying the hand on the Holy Evangelist of Almighty God, or affirming in any matter or thing, other than a judicial proceeding, by a person to whom a lawful oath or affirmation has been administered." Code § 53-207 declares: "The ordinary shall inquire as to the ages of all persons for whom marriage licenses are asked; and if there shall be any grounds of suspicion that the female is under the age of 18 years, the ordinary shall refuse to grant the license until the written consent of the parents or guardian, if any, controlling such minor, shall be produced and filed in his office."

The defendant contends that there was no sufficient evidence to show that Lois Nelson on June 19, 1941, at the time the alleged

oath was taken and the marriage license applied for and issued, was not nineteen years of age as stated in the affidavit or that she was under eighteen so as to bring her under the prohibition contained in the Code, § 53-207. Lois's sister testified on direct examination that Lois was fourteen years of age on the date in question. On cross-examination she testified. "I was present at the time my sister was born. I have her certificate at home. Independent of the birth certificate, I do not know the year she was born without counting it back." The witness's testimony on cross-examination did not disprove her testimony on direct examination that Lois was fourteen years of age, and even if it can be said that the testimony was vague, indefinite, and uncertain, it was for the jury to determine whether it was so vague, indefinite, and uncertain, as to be worthless. The jury by their verdict resolved this issue in favor of the State. We think they were authorized to do so. *O'Brien* v. *Ellarbee,* 14 *Ga. App.* 333 (5) (80 S. E. 864).

2. The defendant contends that the evidence does not show that any legal oath was administered to the defendant. The notary public testified positively on direct examination that she administered the oath and while she did not know the exact words she used in administering it yet she did remember that defendant swore that she was the mother of the girl and was consenting to the issuance of the marriage license, and that the girl was over nineteen years of age. On cross-examination she testified: "I do remember distinctly giving her [defendant] the oath and she said 'Yes,' but I do not remember just the words that I said to her."

It is not necessary that the oath administered should be formal. What the law requires is that there must be, in the presence of the officer, something done, some corporal act performed before the officer, whereby the person to be bound consciously takes upon himself the obligation of an oath. Both the officer and the affiant must understand that an oath is being administered and taken. *Brooks* v. *State,* 63 *Ga. App.* 575 (11 S. E. 2d, 688). We think in this case the acts of the officer and of the defendant were concurrent, and conclusively indicated that it was the purpose of the one to administer and the purpose of the other to take the oath. The record disclosed evidence from which the jury might conclude that both the notary public and the defendant understood that an oath

was being administered and taken. The evidence authorized a finding that a legal oath had been administered and authorized the verdict. *Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*