41783.   FANCHER v. THE STATE.

SUBMITTED FEBRUARY 8, 1966—DECIDED FEBRUARY 24, 1966.

*Johnson & Johnson, Jean E. Johnson, Sr.*, for appellant.

*Luther Hames, Jr.*, Solicitor General, *Ben F. Smith*, for appellee.

NICHOLS, Presiding Judge. ■ Under the decision of the Supreme Court in *Jones v. Mills*, 216 Ga. 616 (118 SE2d 484), the defendant, a justice of the peace, was in the category of

public officers granted the right to appear before a grand jury before an indictment is returned charging them with malfeasance or misfeasance in office. See also *Code* §§ 89-9907, 89-9908 and *Code Ann.* § 40-1617. And certainly false swearing in connection with their compensation would fall into such category.

However, in the present case, as in the *Jones* case, supra, the defendant waived the privilege granted him under such provisions of law and could not thereafter raise such question. The indictment was not otherwise defective so as to support the motion to dismiss in the nature of a general demurrer.

■ There was evidence adduced upon the trial of the case that authorized the verdict of guilty. The indictment charged false swearing in connection with the collection of fees in criminal cases. The solicitor general testified that the defendant brought the document, a list of criminal cases completed during the first three months of 1965 in which the defendant had purportedly issued warrants, that he advised the defendant that such list would have to be sworn to before he could approve it, that Mrs. Frey (employee in the solicitor general's office) was a notary and could swear him, that he pointed to Mrs. Frey, that the defendant went over to her and signed such document in her presence and then handed it back to him. The document was witnessed by Mrs. Frey as a notary public. There was also other evidence that the defendant admitted knowing that, when he swore to such "cost-list," it was untrue. Under the decision of the Supreme Court in *McCain v. Bonner*, 122 Ga. 842 (51 SE 36), and of this court in *Brooks v. State*, 63 Ga. App. 575 (11 SE2d 688), and *Bauknight v. State*, 68 Ga. App. 813 (24 SE2d 217), and similar cases the jury was authorized to find that the defendant intended to be sworn and that the notary public intended to swear him at the time the document was executed.

There was evidence as to the fact that the information contained in the document was false and while a verdict of guilty was not demanded, neither was a verdict of not guilty demanded. The verdict was authorized by the evidence and the trial court did not err in refusing the defendant a new trial.

*Judgment affirmed. Hall and Deen, JJ., concur.*