Doug EDENS *v.* STATE of Arkansas

CR 75-116                                    528 S.W. 2d 416

Opinion delivered October 27, 1975

*Donald B. Kendall* and *William C. Haney*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Doug Edens was found guilty of burglary after a jury trial. Since he had been charged under the Habitual Criminal Act, the jury, after presentation of evidence of previous convictions, returned a verdict for a sentence of 31 ½ years. He advances five points for reversal, all of which, save one, are based upon asserted errors in the admission of testimony relating to prior convictions of appellant.

The prosecuting attorney adopted an odd procedure in presenting this evidence. He called Bill Risenhoover, a Deputy Sheriff of Benton County, as a witness, and introduced the records of convictions in other counties as exhibits to his testimony. Risenhoover testified that he was the keeper of records for the sheriff's office in Benton County and that the documents he identified had been delivered to him by the prosecuting attorney only a few moments before he testified. It seems that the usual procedure in Benton County for obtaining documentary evidence of previous convictions is for Risenhoover, as record keeper, to request it in the name of the prosecuting attorney, so that it will be sent directly to him. Appellant's objection to this method of introduction was not well taken, because the documents themselves, if properly authenticated, were admissible in evidence, without an iden-

tifying witness. Ark. Stat. Ann. § 28-907 (Repl. 1962).

Appellant had other objections, however. The court, in overruling appellant's objection to the use of Risenhoover as the vehicle for the introduction of these documents, held that his testimony was unnecessary insofar as the documents were properly certified. At the same time, two of the exhibits, 3 and 7, were excluded because of lack of proper authentication. But appellant says that exhibits 2, 4, 5 and 6 should have been excluded because they were not properly certified. The alleged deficiencies are absence of the seal of the court in which the convictions were had, the personal signature of the clerk of each of the courts, and the lack of a statement in the certificates that the signer was the keeper of the records from which the purported document was copied.

State's exhibit 2 purports to be a photocopy of a record of the judgment of conviction of Doug Edens of burglary and grand larceny in the Circuit Court of Madison County on September 5, 1972. The certificate bears the seal of the court. The name of the clerk of that court was signed in this manner: "Alyne Berry, Circuit Clerk and Recorder By Vivian Lewis, D.C." The names were written in longhand but the remainder of the signature was printed.

Exhibit 4 is a photocopy of an order of the Circuit Court of Washington County adjudging James Douglas Edens guilty of possession of stolen property and sentencing him to three years in the state penitentiary, dated September 26, 1972, bearing the clerk's filing endorsement and the certificate of the clerk of that court that it is a true copy of the order which is signed in the same manner as exhibit 2 under the seal of the court. Exhibit 6 is a photocopy of a judgment of conviction of Doug Edens of burglary and grand larceny in the Circuit Court of Madison County, on March 5, 1973, with certification in the exact manner as that of exhibit 2.

The only objection made by appellant which could have any bearing on these documents is the lack of a statement that the signer was the keeper of the records and the identification of official capacity of the actual signer only by the letters "D.C." We find no merit in either contention. The

clerk of the circuit court is by statute the keeper of its records. Ark. Stat. Ann. § 23-306, 308, 315, 318 (Repl. 1962). No evidence of the duty of the clerk of a circuit court in Arkansas in that respect should be required.

We can take judicial notice that on November 4, 1974, Alyne Berry and Alma Kollmeyer were Clerks of the Circuit Courts of Madison and Washington Counties, respectively. Their deputies were fully authorized to perform any of their principals' duties in the name of the clerk. Ark. Stat. Ann. § 23-309, 310 (Repl. 1962). We cannot take judicial notice of the identity of the deputies. The words "D.C." following the signature of one signing the name of a clerk of a court have a widely accepted meaning, and, in the absence of controverting evidence, we take judicial notice that they mean "deputy clerk" in that context. See *City of Topeka* v. *Stevenson,* 79 Kan. 394, 99 P. 589 (1909); *In re Siemen's Estate,* 346 Pa. 610, 31 A. 2d 280, 153 ALR 483 (1943); *Solomon* v. *Dunlap-Huckabee,* 174 Ga. 782, 164 S.E. 185 (1932); *Harris* v. *Zeuch,* 103 Fla. 183, 137 S. 135 (1931); *Rowley* v. *Berrian,* 12 Ill. 198 (1850); *Griffin* v. *Erskine,* 131 Iowa 444, 109 N.W. 13 (1906); *Shattuck* v. *The People,* 5 Ill. 477 (1843); *Russell* v. *Oliver,* 78 Tex. 11, 14 S.W. 264 (1890); *Stidham* v. *Tanner Grocery Co.,* 47 Ga. App. 114, 169 S.E. 759 (1933); *Harris* v. *Hines,* 35 Ga. App. 414, 133 S.E. 294 (1926); Annot. 29 ALR 919, 976 (1924). See also, *Conner* v. *Parsley,* 192 Ky. 827, 234 S.W. 972; *People* v. *Thompson,* 295 Ill. 187, 129 N.E. 155 (1920).

It has been held that one who, in doing an official act, signs himself as such is presumed to be a deputy clerk in the absence of anything to the contrary. *Conner* v. *Parsley,* supra. But we need not go so far. The clerk of a circuit court is the keeper of its seal and authorized to use it in authentication of records. Ark. Stat. Ann. § 22-102, 104 (Repl. 1962). The purpose of affixing a seal to an instrument is to attest the genuineness of the signature or official character of the officer signing it. *General Motors Acceptance Corp.* v. *Sutherland,* 122 Neb. 720, 241 N.W. 281 (1932); *Brooks* v. *State,* 63 Ga. App. 575, 11 S.E. 2d 688 (1940). See also, *Ames Evening Times* v. *Ames Weekly Tribune,* 183 Iowa 1188, 168 N.W. 106 (1918); *Harris* v. *Zeuch,* supra. When the person signing the name of the clerk of a court does so as a deputy clerk and affixes the

court's seal of which the clerk is custodian, it will be presumed that the signer is a deputy, in the absence of evidence to the contrary. *Brooks* v. *State*, supra. See also, *Lambert* v. *Bowman-Moore Hat Co.*, 24 Ala. App. 311, 136 So. 738 (1930); *Harris* v. *Zeuch*, supra.

Appellant also objects to consideration of exhibits 2, 4 and 6, because they direct confinement in the Department of Correction and not in the state penitentiary. It is true that the Habitual Criminal Act [Ark. Stat. Ann. § 43-2328-2330 (Repl. 1964)] speaks of convictions punishable by imprisonment in the state penitentiary. The Department of Correction, by the passage of the act creating it, was substituted for the State Penitentiary Board and has thereafter had custody, control, and management of the state penitentiary. Ark. Stat. Ann. § 46-100 (Supp. 1973). There was no error in the introduction of exhibits 2, 4 and 6.

Exhibit 5 purports to be a certified copy of the commitment of James Douglas Edens to the state penitentiary for a term of three years on the charge of possession of stolen property. Even though the commitment is signed by one person as "D.C." and the certificate by another as such and the certificate does not bear the seal of the court, any error in its introduction is harmless, because it is obviously the commitment issued upon the judgment which was shown by exhibit 4.

Appellant alleges error in the introduction of exhibits 8 and 9. They were introduced through Rachel Coler, who testified that she was a deputy circuit clerk and keeper of the criminal records in Benton County. She identified exhibit 8 as a Benton County Circuit Court docket sheet bearing notations showing that Doug Edens was sentenced to three years in the Department of Correction on a charge of possession of stolen property, but that sentence was suspended on good behavior. Exhibit 9 was identified by her as the record of this judgment in the permanent records of the court. Not only was exhibit 8 admitted without any objection having been made, but appellant's attorney specifically stated that he had no objection to the introduction of exhibit 9. We will not consider the objections made here for the first time.

Appellant probably knew more about that case than anyone else in the courtroom, and it is obvious that his failure to object was deliberate, with full knowledge that any deficiencies in these exhibits showing convictions in the very court in which he was being tried could quickly be corrected.

Appellant's argument here that he was prejudiced by exhibits 3 and 7, in spite of their exclusion, seems frivolous. Risenhoover identified them as commitments issued from Madison County Circuit Court, in which the charges, dates, and sentences were identical to those contained in exhibits 2 and 6, respectively. We do not see how the jury could have failed to understand this, even if it did ignore the fact that they had been excluded from evidence.

Appellant also argues that the court's instruction to the jury on corroboration of an accomplice's testimony was erroneous in that it was worded so that the jury could convict him if they found corroborative evidence "tending to connect the defendant or defendants with the commission of the offense". Edens had been charged jointly with Freddie Hatcher, but on the eve of trial, the state moved for a severance and Hatcher testified against Edens. Edens says that since he was the only one on trial and Hatcher was a co-defendant, the jury might have thought, under this instruction, that it could find Edens guilty if there was evidence tending to show that Hatcher was connected with the offense by testimony other than his own. While we doubt that the instruction can properly be so construed, this is an instance in which the words "or defendants" could and probably would have been deleted had any objection been made in the trial court. This objection, if it has any merit, comes too late.

The judgment is affirmed.