A91A2000. YETMAN v. MITCHELL.
(414 SE2d 530)

McMURRAY, Presiding Judge.

J. Anthony Yetman, as administrator of the estate of his father, John Alfred Yetman, brought suit against Julia A. Mitchell in three counts, alleging wrongful retention of personalty belonging to the estate and wrongful use of bank accounts and credit cards belonging to the decedent. The trial court granted Mitchell's motion for summary judgment as to Counts 1 and 3, and Yetman appeals.

The complaint alleged, and the answer admitted, that the decedent and appellee had lived together for a period of several years before the decedent was in an automobile accident on May 20, 1989, which left him quadriplegic and caused other severe injuries eventually resulting in his death on June 15, 1989. In her answer, appellee alleged that the decedent had transferred to her the car in issue, and that her actions in regard to the decedent's bank account and credit cards were taken at the request and direction of the decedent, and thus were proper.

The record includes credit card statements showing that appellee had used various credit cards issued in the decedent's name for several years. It is uncontroverted that in February 1989 the decedent purchased a used car, charging at least a portion of the down payment to one of his credit card accounts. That car remained titled in the name of the decedent at the time of his death. The documents in the record include an undated, typewritten bill of sale transferring the car from the decedent to appellee for one dollar and "other good and valuable considerations," signed by the decedent and notarized by Dorothy Buchwald, and a document captioned "POWER OF ATTORNEY," executed on May 22, 1989, appointing appellee as the decedent's attorney in fact with regard to his checking account and credit card accounts, signed by appellee (with the decedent's signature in parentheses) and notarized by Buchwald.

In support of her motion for summary judgment, appellee attached her affidavit, in which she deposed that the decedent bought the automobile in issue for her; that it was purchased at least partially with her own funds; and that she made the only three monthly payments thereafter from her own checking account. Copies of the cancelled checks were attached. She also deposed that prior to his death, the decedent had freely and voluntarily executed both the bill of sale to her and the power of attorney; that both were signed and notarized in her presence; that her use of the credit cards had been authorized by the decedent; and that the financial transaction involving the decedent's last paycheck, in which she deposited that check in his checking account and then wrote a check on that account to cash and deposited the latter in her own checking account, was done pursuant to the power of attorney and at the decedent's request and direction. Also attached to the motion was the affidavit of the notary, Dorothy Buchwald, in which she deposed that the notary signature on the document was hers; that she notarized the documents in issue; and that she had never, and would never, notarize a document whose signature she did not witness.

In opposition to the motion for summary judgment, appellant proffered his own affidavit, in which he deposed, on personal knowledge, that he was familiar with the signature of the decedent, his father, and that the signature on the power of attorney was not that of the decedent. He also deposed that the debt for the car was extinguished by the payment of credit life insurance which had been purchased by and issued to the decedent; and that numerous outstanding charges generated by appellee existed on the decedent's credit card accounts. *Held*:

1. Appellant contends the trial court erred by granting summary judgment to appellee on Count 3 of the complaint regarding the credit card charges. Relying on *Brooks v. State*, 63 Ga. App. 575 (4) (11 SE2d 688) (1940), the trial court held that Buchwald's notarization was proper, and found no question of fact that the deceased signed both documents freely and voluntarily. We do not agree. *Brooks* held only that the notary's seal constitutes prima facie evidence that the legal formalities of the notary's appointment have been complied with, which is not in issue here. Moreover, even assuming the regularity of Buchwald's witnessing the signatures, no evidence was adduced that she knew the decedent or saw *him* sign either document (and it is noted that the power of attorney contains two signatures, the first being that of appellee). Where the signer of a document is unavailable, anyone who is familiar with the handwriting of another may testify as to his opinion of its authenticity. *Wooten v. Life Ins. Co. of Ga.*, 93 Ga. App. 665, 667 (2) (92 SE2d 567) (1956). Given the fact that appellant deposed on personal knowledge that the

signature on the power of attorney was not that of his father, a genuine question of material fact exists regarding whether Buchwald witnessed *the decedent* sign that document, and consequently regarding the authenticity and validity of the power of attorney. If the power was not valid, appellee would not have been entitled to deposit the decedent's paycheck or use his credit cards pursuant to the power of attorney. Accordingly, summary judgment was improper as to Count 3 of appellant's complaint regarding the wrongful use of credit cards.

2. As to Count 1 of the complaint, alleging wrongful retention of the automobile and other personal property, even assuming the validity of the bill of sale and accepting appellee's averment that the decedent transferred the automobile to her, a reasonable inference may be made, from the fact that she subsequently made the monthly payments on the debt, that at least as between the decedent and appellee, appellee assumed the purchase money obligation incurred by the decedent and became thereafter the primary debtor on the note, with the decedent assuming the role of a mere accommodation party or guarantor. See generally *Betts v. Brown*, 219 Ga. 782, 787-789 (2) (136 SE2d 365) (1964). As the proceeds of the credit life insurance on the life of the decedent, which are an asset of the estate, id. at 785-787 (1), paid the outstanding obligation of appellee, the estate would be entitled to either an interest in the automobile to the extent of the amount of those proceeds or reimbursement therefor. See id. Accordingly, summary judgment was improper as to Count 1 of the complaint as well.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 19, 1991.

*Greer, Klosik & Daugherty, Donald J. Sharp*, for appellant.
*Charles W. Chesbro*, for appellee.
Julia A. Mitchell, *pro se.*