2012 Ark. 20

**UNIMEKS, LLC, Appellant**

v.

**PUROLITE, Appellee.**

**No. 11–371.**

Supreme Court of Arkansas.

Jan. 26, 2012.

Quattlebaum, Grooms, Tull & Burrow, PLLC, by: Chad William Pekron, Little Rock, for appellant.

Estes, Gramling & Estes, PLC, by: Peter G. Estes III, and Amy Estes Turner, Fayetteville, for appellee.

DONALD L. CORBIN, Justice.

Appellant, Unimeks, LLC, appeals the order of the Pulaski County Circuit Court denying its motion to dismiss the complaint and set aside a default judgment awarding damages of $713,970.33, plus interest and costs, to Appellee Purolite for the alleged nonpayment of goods. The Arkansas Court of Appeals certified this case to us as one requiring the interpretation of Rule 4(b) of the Arkansas Rules of Civil Procedure (2011) and the clarification of what constitutes strict compliance with the requirement that a summons bear the signature of the clerk. Accordingly, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(6) and (d) (2011). We affirm the circuit court's order upholding the default judgment.

Appellee Purolite filed a complaint against Appellant Unimeks on March 19, 2007, alleging the nonpayment of goods totaling $713,970.33. A summons was issued that same date and, according to the affidavit of service, was served upon Unimeks's registered agent in Arkansas. Unimeks did not answer the complaint. The circuit court entered a default judgment on May 3, 2007, finding that Unimeks was served with the summons on March 26, 2007, that Unimeks had failed to answer and that Purolite was entitled to judgment against Unimeks for the amount alleged in the complaint, plus interest, fees, and costs.

For reasons that Unimeks contends are not relevant to this appeal, it did not learn of the litigation until long after the default judgment had been entered and Purolite attempted to execute on the judgment. Thus, on February 1, 2010, Unimeks filed a motion to set aside default judgment and dismiss the case. The next day, Unimeks amended its motion to correctly identify Purolite's principal place of business. Unimeks contended in its motion that the summons did not bear a valid signature of the clerk as required by Rule 4(b) and that the default judgment must therefore be set aside as void under Rule 55(c) of the Arkansas Rules of Civil Procedure (2011). Unimeks further contended that once the default judgment had been set aside, the case must be dismissed, pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure (2011), for failure to obtain service within 120 days of the filing of the complaint.

The summons at issue in this case contained a typewritten line near the end reading "SCOTT PRICE, PULASKI COUNTY CIRCUIT CLERK." The type-

written words "SCOTT PRICE" had a handwritten slash through them and the words "Pat O'Brien" were handwritten in black ink immediately underneath. Below the handwritten words "Pat O'Brien" was a blank line for a signature with the words "DEPUTY CLERK" underneath. The seal of the Pulaski County Circuit Court appeared to the left of the signature line. The summons bore the date of March 19, 2007, which was written by hand in blue ink. Also handwritten in blue ink, were the case number, "CV07–3716," and the assignment to the specific division of the circuit court, "2nd."

In support of its motion, Unimeks attached the affidavit of Pat O'Brien. O'Brien stated therein that he was the clerk for the Pulaski County Circuit Court, that he had reviewed the summons at issue in this case, and that the handwritten name "Pat O'Brien" appearing on the summons was not his signature and not his regular handwriting. O'Brien further stated that while the employees in his office had limited authority to sign his name in certain situations, they would do so by signing "Pat O'Brien, by (their name)."

The circuit court held a hearing on Unimeks's motion on February 1, 2011. At the hearing, the parties entered as stipulated exhibits, three copies of the summons issued in this case. The parties also stipulated that if O'Brien were to testify, he would do so consistent with his affidavit. After hearing argument of counsel, the circuit court ruled from the bench that the motion was denied because the summons came out of the clerk's office giving "all the appearance that it was a proper document, proper summons, and the attorneys have to rely on that. And, if they didn't, then we would have chaos in the system." In a written order entered February 8, 2011, the circuit court stated as follows:

> [T]his Court finds that the words "Pat O'Brien," which appear on or around the signature line of the deputy clerk, represent the signature of the Pulaski County Circuit Clerk's office despite any violation which may have occurred in the execution of said signature.
>
> The Court further finds that accordingly, the Summons issued in the above styled cause and served on the defendant was in all respects valid, that service was achieved, the defendant failed to respond within the time required by law, and the Default Judgment was proper; that the defendant's Motion to Set Aside the Default Judgment should be and is hereby denied.

This appeal is from the circuit court's order refusing to set aside the default judgment. For reversal, Unimeks contends that the circuit court erred in finding that the summons was validly signed by the clerk based on the undisputed evidence in this case. Unimeks contends further that the circuit court likewise erred in refusing to set aside the default judgment and refusing to dismiss the complaint for failure to obtain timely service pursuant to Rule 4(i).

We review the present case de novo because Unimeks contends that the default judgment was void due to a defective summons. *See Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004) (stating that it is a question of law involving no discretion with the trial court when the appellant claims that the default judgment is void, and we therefore review the granting or denial of such a motion to set aside a default judgment using a de novo standard rather than an abuse-of-discretion standard). In addition, our appellate review is de novo when an issue of construction of a statute or court rule is involved. *Jonesboro Healthcare Ctr., LLC v. Eaton–Moery Envtl. Servs., Inc.*, 2011 Ark. 501, 385 S.W.3d 797. De novo review means that the entire case is open for

review. *ConAgra, Inc. v. Tyson Foods, Inc.,* 342 Ark. 672, 30 S.W.3d 725 (2000). We do not, however, reverse the circuit court's findings of fact unless they are clearly erroneous. *Unknown Heirs of Warbington v. First Cmty. Bank,* 2011 Ark. 280, 383 S.W.3d 384. This means that an appellate court conducting a de novo review may make a complete review of the evidence and record to determine whether the circuit court clearly erred in either making a finding of fact or in failing to do so. *Stehle v. Zimmerebner,* 375 Ark. 446, 291 S.W.3d 573 (2009).

■■■ |₅The requirements for a valid summons are stated in Rule 4(b) as follows:

> *(b) Form.* The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise the address of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.

Ark. R. Civ. P. 4(b). Some of the requirements of Rule 4(b), including the requirement of the clerk's signature, are rooted in our state's constitution. Article 7, section 49 of the Arkansas Constitution provides in pertinent part that "[a]ll writs and other judicial process, shall run in the name of the State of Arkansas, bear test and be signed by the clerks of the respective courts from which they issue." Ark. Const. art. 7, § 49. "Without question, this court has made it patently clear that a summons must comply exactly and not substantially with the requirements of Rule 4(b)." *Gatson v. Billings,* 2011 Ark. 125, at 5, 2011 WL 1206500. "The language

in article 7, section 49 is plain and unambiguous, and it must be given its obvious and common meaning." *Id.* at 5.

■ On appeal, Unimeks contends that the circuit court's finding that the summons bore a valid signature of the clerk is contrary to the undisputed evidence in this case as well as contrary to this court's holdings that compliance with the requirements of Rule 4(b) must be strict and exact. *See, e.g., id.* Unimeks relies on the affidavit wherein O'Brien averred that the handwriting of his name on the summons was not his writing, not his signature, and not authorized according to his office procedure. Citing *Carruth v. Design Interiors, Inc.,* 324 Ark. |₆373, 921 S.W.2d 944 (1996), Unimeks contends further that the requirement of the clerk's signature is a necessary and indispensable part of a valid summons.

Unimeks acknowledges that this court has held that a "deputy clerk's signature on the summons met the requirements of Rule 4(b)." *Nucor Corp.,* 358 Ark. at 122, 186 S.W.3d at 729. Given O'Brien's affidavit that his deputy clerks were only authorized to sign his name by indicating their own name afterwards, Unimeks argues that even if the handwritten words "Pat O'Brien" on the summons constituted a signature from a deputy clerk, it was not authorized in accordance with O'Brien's office procedure and therefore does not strictly satisfy the requirement of Rule 4(b). Unimeks continues that because Purolite has not provided any evidence that the summons satisfies the signature requirement of Rule 4(b), the summons is invalid.

Purolite responds that the summons here is valid because it bears the seal of the court and the handwritten name of the clerk. Purolite acknowledges this court's holding in *Carruth,* 324 Ark. 373, 921 S.W.2d 944, that if there is no signature,

the summons is not valid. However, Purolite distinguishes *Carruth* by pointing out that there was a complete absence of a signature on the *Carruth* summons and that the summons at issue here does bear the handwritten name of the clerk. Purolite responds further that because the summons at issue here bore the seal of the clerk, according to *Edens v. State*, 258 Ark. 734, 528 S.W.2d 416 (1975), a presumption arose that the handwriting was a valid signature, and Unimeks did not rebut that presumption.

In *Edens*, this court had occasion to consider the validity of certain documents introduced to prove prior convictions of a criminal defendant for purposes of enhanced sentencing as a habitual offender. In so doing, this court cited with approval the following principles of law:

> It has been held that one who, in doing an official act, signs himself as such is presumed to be a deputy clerk in the absence of anything to the contrary. But we need not go so far. The clerk of a circuit court is the keeper of its seal and authorized to use it in authentication of records. Ark. Stat. Ann. § 22–102, 104 (Repl.1962) [currently codified at Ark.Code Ann. § 16–10–110 (Repl. 2010) ]. The purpose of affixing a seal to an instrument is to attest the genuineness of the signature or official character of the officer signing it. When the person signing the name of the clerk of a court does so as a deputy clerk and affixes the court's seal of which the clerk is custodian, it will be presumed that the signer is a deputy in the absence of evidence to the contrary.

*Id.* at 738–39, 528 S.W.2d at 419 (citations omitted).

Our review of the record in this case reveals that, despite its assertion to the contrary, Unimeks has not offered sufficient evidence to rebut the presumption of validity of the signature created by the seal of the court on the summons at issue here. To be clear, Unimeks did offer the undisputed affidavit of O'Brien that his name as it appeared on the summons was neither his signature nor his handwriting and that it was not written in accordance with his office procedure for the authorized use of his name by a deputy clerk. However, O'Brien's affidavit was the only evidence offered by Unimeks on this point, and it simply does not refute the fact that the signature could have been written by someone in O'Brien's office. At best, O'Brien's affidavit establishes that his standard office procedure was not followed, but it does nothing to rebut the presumption of validity given the signature by the seal of the court that appears on the summons here at issue. Thus, we conclude that the seal gave a presumption of validity to the signature that was not rebutted, and therefore strict compliance with the signature requirement of Rule 4(b) and article 7, section 49 was satisfied.

It is clear to us that, as the circuit court correctly found, the handwriting that appeared on the summons at issue in this case was a signature. It is furthermore clear to us that when the summons was returned from the court clerk's office it bore the court seal and the date, as well as the case number and division assignment. Thus, as the circuit court correctly stated, the summons at issue here was returned from the court clerk's office with all the appearances of a valid summons, and in order for our judicial system to function properly, attorneys must therefore be entitled to rely on the validity of such a summons so returned from the clerk. Even when considering O'Brien's affidavit, we have no hesitation in concluding that there was no error in the circuit court's finding that this summons was valid in all respects.

In addition to finding that the summons here was valid, the circuit court also found that service was achieved, that Unimeks failed to timely respond, that the default judgment was proper, and that the motion to set aside the default judgment and dismiss the complaint was denied. Unimeks's remaining argument concerning the dismissal of the complaint is based on the premise that the summons issued here was not valid. As we have determined that the circuit court correctly found that the summons here was indeed valid, we have rejected the premise of the remaining argument and need not address it any further.

The order of the circuit court upholding the default judgment is affirmed.