SLIP OPINION

Cite as 2014 Ark. App. 476

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-1142

| | |
|---|---|
| LINDA DIXON BLY, In Her Capacity as Trustee of the Dorothy Dixon Hatchett Revocable Trust<br>APPELLANT | **Opinion Delivered** SEPTEMBER 17, 2014<br><br>APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT<br>[NO. 71CV-13-47] |
| V. | HONORABLE MICHAEL A. MAGGIO, JUDGE |
| GUY COLLISTER<br>APPELLEE | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## LARRY D. VAUGHT, Judge

This current appeal comes to this court following litigation that has spanned nearly twenty years and a previous, related appeal: *Hatchett v. Terry*, 87 Ark. App. 276, 190 S.W.3d 302 (2004).

The litigation began in 1994 when Dorothy Hatchett filed a foreclosure action against Mary and Earl Collister. She alleged that they defaulted on mortgages executed in association with the sale of approximately 204 acres in Van Buren County. The trial court entered an order against Mary Collister[1] in February 1995 giving Hatchett a first priority lien on the property and a $108,324.90 judgment. The court withheld any determination regarding a sale of the property and ordered Mary Collister to prepare an accounting of every parcel of land. The Collisters had sold parcels of the land to third parties but the specific transfers were

---

[1]Earl Collister died during the pendency of the litigation.

unknown. Mary Collister never complied with the trial court's directive to perform an accounting. The trial court entered an order providing that this case was not finalized and should remain open.

Clifford and Bonnie Terry purchased one of the parcels of land from the Collisters that was subject to the mortgage in favor of Dorothy Hatchett. In December 2000, they filed a quiet-title action against Dorothy Hatchett and Linda Dixon Bly, the trustee of the Dorothy Dixon Hatchett Revocable Trust.[2] Bly counterclaimed for foreclosure. Later, the Terrys amended their complaint to join others who had purchased parcels of the mortgaged property from the Collisters.

In April 2003, following a trial on the merits, the trial court quieted title to the Terrys and the other plaintiffs in that action. For practical purposes, this order accomplished what Mary Collister was ordered to do in the 1995 case. It accounted for the parcels of land that she and her husband sold. The order also consolidated the quiet-title action with the foreclosure case and held that the foreclosure sale should go forward excluding the properties purchased by the quiet-title plaintiffs. Linda Bly appealed the trial court's 2003 order, and this court affirmed the trial court's ruling. *Hatchett v. Terry*, 87 Ark. App. 276, 190 S.W.3d 302 (2004). Neither the foreclosure nor the consolidation of the cases was the basis of the appeal.

There was no further action in this case until March 2013. At that time, Linda Bly

---

[2]Hatchett quitclaimed her interest in the property to the Dorothy Dixon Hatchett Revocable Trust on July 30, 1997.

filed a motion to set a foreclosure sale and a petition for writ of scire facias to revive the 2003 judgment as it related to the foreclosure of the land. Guy Collister[3] resisted the motions. The trial court denied Bly's motion to set a foreclosure sale based upon Ark. Code Ann. § 16-65-501 finding that Bly lacked standing, that the statute of limitations had run on the 1995 decree, and that the remaining arguments presented were moot. This timely appeal followed.

Whether the trial court should have granted the motion to set a foreclosure sale and the petition for scire facias are questions of law, and therefore, we conduct our review de novo. *Nationwide Mut. Fire Ins. Co. v. Citizens Bank & Trust Co.*, 2014 Ark. 20, 431 S.W.3d 292. For a de novo review, "the entire case is open for review." *Unimeks, LLC v. Purolite*, 2012 Ark. 20, at 4, 386 S.W.3d 419, 421-22.

Arkansas Code Annotated § 16-65-501(f) (Repl. 2005) provides that a writ of scire facias must be "filed within ten years from the date of the rendition of the judgment." The trial court held that Linda Bly could not revive the foreclosure judgment or petition the court for a foreclosure sale. It reasoned that the foreclosure decree was entered in 1995, and more than ten years had passed since the date of the rendition of the judgment. Bly argues that the 2003 order was a final decree in the foreclosure case and, therefore, capable of revival. That order consolidated the actions, accounted for the parcels of land that were sold by the Collisters as required by the 1995 order, and directed Bly to proceed with a

---

[3]By this time, both Mary and Earl Collister were deceased, and their son, Guy Collister, represented their interests in this litigation.

foreclosure sale. We disagree with Bly's argument.

The 2003 order primarily concerned the quiet-title action. While the foreclosure action was consolidated for certain purposes, no judgment of foreclosure was entered. The trial court concluded that the foreclosure sale should go forward, but the order did not put the court's directive of sale into execution. *Alberty v. Wideman*, 312 Ark. 434, 436, 850 S.W.2d 314, 315 (1993). The trial judge must still appoint a commissioner and set a date, time, and location for the sale and these provisions are necessary to effectuate the decree and create a judgment of foreclosure. *Id*. at 438, 850 S.W.2d at 316. The trial court therefore did not err when it denied the petition for scire facias because there was no foreclosure judgment from 2003 to revive. We affirm on this issue.

However, our review causes us to conclude that Bly is entitled to a portion of the relief she requests because the trial court erred when it denied Bly's motion to set a foreclosure sale. This court previously determined that the 1995 foreclosure decree was not a final order. *Hatchett*, 87 Ark. App. at 283, 190 S.W.3d at 307. In the 1995 order, the trial court withheld any determination regarding the sale of the property until an accounting could be performed. The trial court subsequently ordered that the 1995 case remain open until further order of the court. The case was never closed. Because the 2003 case determined the parcels of land that were to be excluded from the foreclosure sale and quieted title to the owners of those parcels, the accounting is no longer necessary and the foreclosure sale can proceed. After our de novo review, we conclude that the trial court erred in denying the motion for foreclosure sale, and we reverse and remand this case with

4

instructions for the trial court to grant this motion.

Affirmed in part; reversed and remanded in part.

GRUBER and WHITEAKER, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Robert S. Shafer*, *Harry A. Light*, and *Tory H. Lewis*, for appellant.

*Morgan Law Firm, P.A.*, by: *M. Edward Morgan*, for appellee.